MORGAN, LEWIS & BOCKIUS LLP
JOSEPH DUFFY, SBN 241854
joseph.duffy@morganlewis.com
300 S. Grand Avenue, Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel:   +1.213.612.2500
Fax:   +1.213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
AMY J. TALARICO, SBN 209112
amy.talarico@morganlewis.com
MARISA R. CHAVES, SBN 236533
marisa.chaves@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel:   +1.415.442.1000
Fax:   +1.415.442.1001

Attorneys for Defendant
ELLIOTT COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| **TERRY LEE SIEGFRIED** and **TERRI SIEGFRIED**,<br><br>Plaintiffs,<br><br>vs.<br><br>**3M COMPANY** (f/k/a MINNESOTA MINING & MANUFACTURING COMPANY); **AIR & LIQUID SYSTEMS CORPORATION** (sued individually and as successor-in-interest to BUFFALO PUMPS, INC.; **ABB, INC.** individually and as successor-in-interest to ITE IMPERIAL CO f/k/a ITE CIRCUIT BREAKER COMPANY); **ALFA LAVAL INC.** (sued individually and as successor-in-interest to THE DELAVAL SEPARATOR COMPANY and SHARPLES CORPORATION); **ATWOOD & MORRILL CO., INC.,** | Case No.<br><br>**DEFENDANT ELLIOTT COMPANY'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. 1442(a)(1) FEDERAL OFFICER**<br><br>(Los Angeles County Superior Court Case No. BC691900) |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 95981597.4

1

DEFENDANT ELLIOTT COMPANY'S
NOTICE OF REMOVAL

d/b/a WEIR VALVES & CONTROLS USA, INC.; **AURORA PUMP COMPANY; A.O. SMITH CORP., BACOU-DALLOZ USA, INC.** (sued as successor-in-interest and/or f/k/a W.G.M. SAFETY PRODUCTS d/b/a WILLSON SAFETY PRODUCTS); **CARRIER CORPORATION; CARVER PUMP COMPANY; CBS CORPORATION** (a Delaware Corporation) f/k/a VIACOM, INC., as successor-by-merger to CBS CORPORATION (a Pennsylvania Corporation) f/k/a WESTINGHOUSE ELECTRIC CORPORATION, and also as successor-in-interest to BF STURTEVANT; **CLA-VAL CO.; CLEAVER-BROOKS, INC.** (sued individually and as successor-in-interest to DAVIS ENGINEERING COMPANY formerly known as AQUA-CHEM, INC. doing business as CLEAVER-BROOKS DIVISION); **COOPER WIRING DEVICES,** a division of COOPER INDUSTRIES (individually and as successor-in-interest to ARROW-HART & HEGEMAN, INC.); **COPES-VULCAN, INC.; CRANE CO.** (sued individually and as successor-in-interest to COCHRANE CORPORATION; CHAPMAN VALVE COMPANY and JENKINS VALVES); **CRANE ENVIRONMENTAL, INC.** (sued individually and as successor-in-interest to COCHRANE CORPORATION); **EATON CORPORATION** (sued individually and as successor-in-interest to CUTLER-HAMMER INC.); **EATON ELECTRICAL, INC.** (sued individually and as successor-in-interest to CUTLER-HAMMER INC.); **ELLIOT TURBOMACHINERY COMPANY**

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

| | |
|---|---|
| 1 | a/k/a ELLIOTT COMPANY; **EMERSON ELECTRIC CO.** (individually and as successor-in-interest to KEYSTONE VALVES AND CONTROLS, INC.); **FISHER CONTROLS INTERNATIONAL LLC** f/k/a FISHER GOVERNOR COMPANY; **FMC CORPORATION** (sued individually and as successor-in-interest to NORTHERN PUMP COMPANY and PEERLESS PUMP COMPANY); **FOSTER WHEELER ENERGY CORPORATION; FRASER BOILER SERVICE, INC.; GARDNER-DENVER, INC.; GENERAL DYNAMICS CORPORATION** (successor-in-interest to BATH IRON WORKS LTD. f/k/a THE HYDE WINDLASS COMPANY); **GENERAL ELECTRIC COMPANY** (individually and as successor-in-interest to MASONEILAN, and MANNING, MAXWELL & MOORE, INC.); **GIBBS & COX, INC.; THE GORMAN-RUPP COMPANY** (individually and as successor-in-interest to PATTERSON PUMP COMPANY, and C.H. WHEELER); **GOULDS ELECTRONICS** (as successor-in-interest to ITE CIRCUIT BREAKER CO.); **GOULDS PUMPS, INC.; HARDIE-TYNES CO., INC.** (sued individually and as successor-in-interest to HARDIE-TYNES MANUFACTURING CO. and HARDIE-TYNES MANUFACTURING COMPANY); **HARDIE-TYNES FOUNDRY & MACHINE CO.** (sued individually and as successor-in-interest to HARDIE-TYNES MANUFACTURING CO. and HARDIE- |

DB1/ 95981597.4

3

DEFENDANT ELLIOTT COMPANY'S
NOTICE OF REMOVAL

| | |
|---|---|
| 1 | TYNES MANUFACTURING COMPANY); **HARDIE-TYNES, LLC** (sued individually and as successor-in-interest to HARDIE-TYNES MANUFACTURING CO. and HARDIE-TYNES MANUFACTURING COMPANY); **HERCULES MANUFACTURING COMPANY, INC; HOWDEN NORTH AMERICA, INC.** f/k/a HOWDEN BUFFALO, INC. (individually and as successor-in-interest to BUFFALO FORGE COMPANY); **IMO INDUSTRIES, INC.** (sued individually and as successor-in-interest to DELAVAL TURBINE, INC.); **INGERSOLL-RAND COMPANY** (individually and as successor-in-interest to TERRY STEAM TURBINE); **ITT INDUSTRIES, INC.** (sued individually and as successor-in-interest to BELL & GOSSETT, FOSTER ENGINEERING and HOFFMAN SPECIALTY); **KERR MACHINERY CO.** n/k/a KERR PUMP & SUPPLY INC.; **LAWLER MANUFACTURING COMPANY, INC.** f/k/a LAWLER AUTOMATIC CONTROLS, INC.; **THE MARLEY-WYLAIN COMPANY; MUELLER STEAM SPECIALITY COMPANY** n/k/a WATTS WATER TECHNOLOGIES, INC.; **THE NASH ENGINEERING COMPANY; OWENS-ILLINOIS, INC.; PPG INDUSTRIES, INC.** (individually and as successor-in-interest to AKZO NOBEL INC., and DEVOE COATINGS); **QUIMBY EQUIPMENT COMPANY; ROBERTSHAW CONTROLS COMPANY** (individually and as successor-in-interest to FULTON SYLPHON COMPANY); **ROCKWELL** |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 95981597.4

4

DEFENDANT ELLIOTT COMPANY'S
NOTICE OF REMOVAL

| | |
|---|---|
| 1 | **AUTOMATION INC.** (individually and as successor by merger to ALLEN-BRADLEY COMPANY LLC and ROSTONE CORPORATION); **ROSS OPERATING VALVE COMPANY** d/b/a ROSS CONTROLS; **RSCC WIRE & CABLE, LLC.; SCHNEIDER ELECTRIC, USA, INC.,** f/k/a SQUARE D COMPANY; **SIEMENS CORPORATION** (individually and as successor-in-interest to ITE CIRCUIT BREAKER CO.); **SIEMENS ENERGY INC.** (individually and as successor by merger to DRESSER-RAND GROUP, INC.); **SPIRAX SARCO, INC.; SPX CORPORATION** (sued individually and as successor-in-interest to THE MARLEY COMPANY, **WYLAIN, INC., WEIL-McCLAIN,** a division of WYLAIN, INC., and WEIL-McCLAIN); **STERLING FLUID SYSTEMS, (USA) LLC** f/k/a PEERLESS PUMP COMPANY; **SULZER PUMPS HOUSTON, INC.** (sued individually and as successor-in-interest to PACO PUMPS f/k/a PACIFIC PUMPING COMPANY); **SUPERIOR-LIDGERWOOD-MUNDY** (individually and as successor-in-interest to M.T. Davidson Co.); **VELAN VALVE CORP.; VIAD CORP** f/k/a THE DIAL CORPORATION (sued individually and as successor-in-interest to GRISCOM-RUSSELL COMPANY); **VIKING PUMP, INC.,** a Unit of IDEX Corporation; **WARREN PUMPS, LLC** (individually and as successor-in-interest to QUIMBY PUMP COMPANY); **WEIL-McCLAIN; WEIL-McCLAIN**, a division of THE MARLEY COMPANY (sued individually and as successor-in-interest to WYLAIN CO.); **WILO USA LLC** |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1  (individually and as successor-in-interest to WEIL PUMP COMPANY, INC.);
2  **WEIR VALVES & CONTROLS USA INC.** f/k/a ATWOOD & MORRILL; **THE WILLIAM POWELL COMPANY**; and DOES 1-450, inclusive,

    Defendants.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 95981597.4

6

DEFENDANT ELLIOTT COMPANY'S
NOTICE OF REMOVAL

**TO ALL PARTIES, THEIR COUNSEL OF RECORD, AND THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE THAT** Defendant Elliott Company ("Elliott") hereby gives notice of the removal of this action filed by Plaintiffs Terry Lee Siegfried ("Mr. Siegfried) and Terri Siegfried ("Mrs. Siegfried") (collectively, "Plaintiffs") from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446, whereby this Court has subject matter jurisdiction to adjudicate claims with respect to persons acting at the direction of an officer or agency of the United States. Elliott's grounds for removal are more particularly stated as follows:

## I.

## **PROCEDURAL HISTORY AND BACKGROUND**

1.  Plaintiffs filed their Complaint against Elliott, among numerous other defendants, on or about January 28, 2018. A conformed copy of the Complaint is attached hereto as **Exhibit A**.

2.  Elliott was served with the Complaint on or about January 30, 2018.

3.  Plaintiffs allege that Mr. Siegfried "was exposed to asbestos, asbestos-containing products and/or products designed to be used in association with asbestos products." Exh. A, § III. Plaintiffs further allege that Mr. Siegfried developed mesothelioma as a result of his exposure to asbestos from defendants' products. Exh. A, § IV.

4.  Plaintiffs allege that Mr. Siegfried was exposed to asbestos during his tenure as an electrician at the Long Beach Naval Shipyard. Exh. A, § III. Plaintiffs allege that Mr. Siegfried was exposed to asbestos at the Long Beach Naval Shipyard in California, a U.S. federal government shipyard, which serviced U.S. Naval ships. *See id.*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 95981597.4

7

DEFENDANT ELLIOTT COMPANY'S
NOTICE OF REMOVAL

5. Mr. Siegfried claims liability against Elliott and other defendants based upon Negligence; Strict Liability; False Representation Under Restatement of Torts Section 402-B; Intentional Tort/Intentional Failure to Warn. *Id.* at § VI-XLIV. Plaintiffs generally allege that Mr. Siegfried's mesothelioma was caused by defendants' negligence and Mr. Siegfried's exposure to asbestos from products sold, shipped, supplied, distributed, installed, removed, or replaced by "Product Defendants," and that these products were "defective and inherently dangerous asbestos-containing products defectively designed to be used in association with asbestos products." without specifying any particular act of any particular Defendant that allegedly caused harm. *See id.* at § IV.

## II.

## BASIS FOR REMOVAL

### A. Timeliness, Venue, and Notices

6. This Notice of Removal is timely filed within thirty (30) days of Elliott's January 30, 2018 notice of Plaintiffs' claim that Mr. Siegfried was allegedly injured due to asbestos exposure that occurred at Long Beach Naval Shipyard in California.

7. Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1442(a) because the Complaint was filed in Los Angeles, California and is currently pending in this District.

8. Attached hereto as **Exhibit B** is a copy of all process, pleadings, and orders served upon Elliott to date in this matter as required by 28 U.S.C. § 1446(a).

9. Pursuant to 28 U.S.C. § 1446(d), Elliott will file written notice regarding this Notice of Removal with the Superior Court for Los Angeles County, California and will serve the same on counsel for Plaintiffs and those defense counsel known to Elliott who have entered appearances in the state court action. A copy of this Notice of Filing Notice of Removal is attached hereto as **Exhibit C**.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 95981597.4

8

DEFENDANT ELLIOTT COMPANY'S
NOTICE OF REMOVAL

10. The requisite filing fee has been tendered to the Clerk of the United States District Court for the Central District of California.

11. If any question arises regarding the propriety of removal, Elliott respectfully requests the opportunity to present a brief and/or oral argument in support of the removability of this case.

12. Assignment of this action to the Los Angeles Division is proper as the Complaint was filed in Los Angeles County.

**B.  The Federal Officer Removal Statute Authorizes Removal of This Action**

13. Plaintiffs claim that Mr. Siegfried was allegedly exposed to asbestos while he worked at the Long Beach Naval Shipyard, and in which he purportedly encountered or was exposed to equipment that contained asbestos. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1442 because, in the manufacture of products for the federal government, Elliott acted under the direction of an officer of the United States within the meaning of 28 U.S.C. § 1442(a)(1).

14. The Complaint alleges that Mr. Siegfried worked with or around products manufactured by Elliott, as well as other defendants. Exh. A. at § IV. There is no allegation in the Complaint that Mr. Siegfried ever encountered Elliott products outside his work at the Long Beach Naval Shipyard.

15. Though Plaintiffs do not expressly allege that Mr. Siegfried was exposed to any particular product manufactured by Elliott while Mr. Siegfried worked at the Long Beach Naval Shipyard, to the extent Mr. Siegfried may have been exposed to asbestos associated with any Elliott products while at the Long Beach Naval Shipyard, any and all such equipment manufactured and supplied by Elliott for the federal government was designed and manufactured in accordance with detailed specifications required by the federal government, and was designed and built under the direction and control of the federal government and its officers.

16.   If Elliott products were in fact used at the Long Beach Naval Shipyard, those products were manufactured for use by the federal government pursuant to contracts and specifications executed by the federal government.  Accordingly, Elliott acted pursuant to direction of a federal officer during the performance of agreements to manufacture and sell equipment to the federal government for the Long Beach Naval Shipyard, including all aspects of warnings associated with any such equipment.

17.   This case therefore is removable based on the Federal Officer Removal Statute, 28 U.S.C. § 1442(a)(1).  The Federal Officer Removal Statute, 28 U.S.C. § 1442, guarantees an absolute right to a federal forum in any civil or criminal action filed in state court "that is against or directed to" a federal officer or "any person acting under that officer," such as a government contractor, when the suit is "for or relating to any act under color of such [federal] office."  28 U.S.C. § 1442(a).  All requirements for Federal Officer Removal Jurisdiction are met here.

18.   Elliott, as a corporation, is a "person" within the meaning of 28 U.S.C. § 1442(a).  *See, e.g.*, *Leite v. Crane Co.*, 749 F.3d 1117, 1122 n.4 (9th Cir. 2014); *Isaacson v. Dow Chem. Co.*, 517 F.3d 129, 135–36 (2d Cir. 2008).

19.   Elliott is entitled to remove this action because Plaintiffs' alleged claims are "for or relating to" Elliott's work at the U.S. federal government's Long Beach Naval Shipyard.  Plaintiffs seek to recover for injuries purportedly caused by products Elliott manufactured at the federal government's direction and under its control.  *See In re Commonwealth's Motion to Appoint Counsel*, 790 F.3d 457, 471–72 (3d Cir. 2015) (construing The Removal Clarification Act of 2011, Pub. L. 11251, 125 Stat. 545 (2011) and holding that under the 2011 amendments to the Federal Officer Removal Statute, defendants no longer need to establish a "causal nexus" between challenged acts and federal authority to support Federal Officer Removal Jurisdiction).

20. Elliott hereby gives notice of its assertion of the "government contractor defense" to each of Plaintiffs' claims. Under *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988), a government contractor is immune from state tort liability for product defects when (1) the United States approved reasonably precise specifications for the product at issue; (2) the equipment conformed to the Government's specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States. *Id.* at 512; *see also Getz v. Boeing Co.*, 654 F.3d 852, 861 (9th Cir. 2011) (same).

21. Elliott's assertion of the "government contractor" defense here is "colorable." To the extent Elliott equipment was present at the Long Beach Naval Shipyard or aboard U.S. Naval ships, Elliott supplied the federal government with various components and machinery used at the Long Beach Naval Shipyard and any Naval ships. Those components were at all times designed and manufactured under contract with the federal government and pursuant to detailed specifications issued by the government.

22. The federal government also issued reasonably precise specifications for product manuals and associated warnings used at the Long Beach Naval Shipyard. As to Elliott's products, the federal government oversaw, exercised discretion over, and ultimately approved the content of all instructional manuals, packaging, and product warnings for Elliott's products intended for use at the Long Beach Naval Shipyard or aboard any U.S. Naval ships, to the extent said equipment was present. Elliott's product manuals and any associated product warnings conformed to the federal government's specifications.

23. The federal government was aware of the potential hazards of asbestos by the early 1920s, and the information about asbestos possessed by the federal government far exceeded any information that possibly could have been available to Elliott.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 95981597.4

11

DEFENDANT ELLIOTT COMPANY'S
NOTICE OF REMOVAL

24. Insofar as it is necessary under the Federal Officer Removal Statute following the amendments to 28 U.S.C. § 1442(a)(1) in 2011, a "causal nexus" exists between Plaintiffs' claims and Elliott's alleged actions undertaken at a federal officer's direction because Elliott's products were manufactured pursuant to detailed federal government specifications, and any applicable warnings and product manuals Elliott may have provided for products intended for use at the Long Beach Naval Shipyard were subject to the federal government's ultimate authority, control, discretion, and approval. *See Leite*, 749 F.3d at 1120.

WHEREFORE, Defendant Elliott Company, pursuant to and in conformance with the requirements of 28 U.S.C. §§ 1442 and 1446, removes this action from the Superior Court of the State of California, County of Los Angeles.

Dated: February 26, 2018

MORGAN, LEWIS & BOCKIUS LLP

By /s/ *Joseph Duffy*
Joseph Duffy

Attorneys for Defendant
ELLIOTT COMPANY

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 95981597.4

12

DEFENDANT ELLIOTT COMPANY'S
NOTICE OF REMOVAL