Geoffrey M. Davis (SBN 214692)
geoffrey.davis@klgates.com
K&L GATES LLP
10100 Santa Monica Blvd. Eighth Floor
Los Angeles, CA  90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

Peter E. Soskin (SBN 280347)
peter.soskin@klgates.com
K&L GATES LLP
Four Embarcadero Center, Suite 1200
San Francisco, CA  94111
Telephone: +1 415 882 8200
Facsimile: +1 415 882 8220

Attorneys for Defendant Crane Co.

## UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| **TERRY LEE SIEGFRIED** and **TERRI SIEGFRIED**,<br><br>            Plaintiffs,<br><br>vs.<br><br>**3M COMPANY** (f/k/a MINNESOTA MINING & MANUFACTURING COMPANY); **AIR & LIQUID SYSTEMS CORPORATION** (sued individually and as successor-in-interest to BUFFALO PUMPS, INC.); **ABB, INC.** (individually and as successor-in-interest to ITE IMPERIAL CO f/k/a ITE CIRCUIT BREAKER COMPANY); **ALFA LAVAL INC.** (sued individually and as successor-in-interest to THE DELAVAL SEPARATOR COMPANY and SHARPLES CORPORATION); **ATWOOD & MORRILL CO., INC.** d/b/a WEIR VALVES & CONTROLS USA INC.; | Case No.: 2:18-cv-01575<br><br>**DEFENDANT CRANE CO.'S NOTICE OF JOINDER OF REMOVAL** |

1

1  **AURORA PUMP COMPANY**;
   **A.O. SMITH CORP.;**
2  **BACOU-DALLOZ USA, INC.,** (sued
   as successor-in-interest and/or f/k/a
3  W.G.M. SAFETY PRODUCTS d/b/a
   WILLSON SAFETY PRODUCTS);
4  **CARRIER CORPORATION**;
   **CARVER PUMP COMPANY**;
5  **CBS CORPORATION** (a Delaware
   Corporation) f/k/a VIACOM, INC. (as
6  successor-by-merger to CBS
   CORPORATION) (a Pennsylvania
7  Corporation) f/k/a WESTINGHOUSE
   ELECTRIC CORPORATION) and also
8  as successor-in-interest to BF
   STURTEVANT;
9  **CLA-VAL CO.**;
   **CLEAVER-BROOKS, INC.** (sued
10 individually and as successor-in-interest
   to DAVIS ENGINEERING
11 COMPANY formerly known as
   AQUACHEM, INC. doing business as
12 CLEAVER-BROOKS DIVISION);
   **COOPER WIRING DEVICES**, a
13 division of COOPER INDUSTRIES
   (individually and as successor-in-interest
14 to ARROW-HART & HEGEMAN, INC.);
   **COPES-VULCAN, INC.**;
15 **CRANE CO.** (sued individually and
   successor-in-interest to COCHRANE
16 CORPORATION; CHAPMAN VALVE
   COMPANY and JENKINS VALVES);
17 **CRANE ENVIRONMENTAL, INC.**
   (sued individually and successor-in-interest
18 to COCHRANE
   CORPORATION);
19 **EATON CORPORATION** (sued
   individually and as successor-in-interest
20 to CUTLER-HAMMER INC.);
   **EATON ELECTRICAL, INC.** (sued
21 individually and as successor-in-interest
   to CUTLER-HAMMER INC.);
22 **ELLIOT TURBOMACHINERY
   COMPANY** a/k/a ELLIOTT
23 COMPANY;
   **EMERSON ELECTRIC CO.**
24 (individually and as successor-in-interest
   to KEYSTONE VALVES AND
25 CONTROLS, INC.);
   **FISHER CONTROLS**
26 **INTERNATIONAL LLC** f/k/a
   FISHER GOVERNOR COMPANY;
27 **FMC CORPORATION** (sued
   individually and as successor-in-interest
28 to NORTHERN PUMP COMPANY
   and PEERLESS PUMP COMPANY);

---

2

**FOSTER WHEELER ENERGY CORPORATION**;
**FRASER BOILER SERVICE, INC.**;
**GARDNER-DENVER, INC.**;
**GENERAL DYNAMICS CORPORATION** (successor-in-interest to BATH IRON WORKS LTD. f/k/a THE HYDE WINDLASS COMPANY);
**GENERAL ELECTRIC COMPANY** (individually and as successor-in-interest to MASONEILAN, and MANNING, MAXWELL & MOORE, INC.);
**GIBBS & COX, INC.**;
**THE GORMAN-RUPP COMPANY** (individually and as successor-in-interest to PATTERSON PUMP COMPANY, and C.H. WHEELER);
**GOULDS ELECTRONICS** (as successor-in-interest to ITE CIRCUIT BREAKER CO.);
**GOULDS PUMPS, INC.**;
**HARDIE-TYNES CO., INC.** (sued individually and as successor-in-interest to HARDIE-TYNES MANUFACTURING CO. and HARDIE-TYNES MANUFACTURING COMPANY);
**HARDIE-TYNES FOUNDRY & MACHINE CO.** (sued individually and as successor-in-interest to HARDIE-TYNES MANUFACTURING CO. and HARDIE-TYNES MANUFACTURING COMPANY);
**HARDIE-TYNES, LLC** (sued individually and as successor-in-interest to HARDIE-TYNES MANUFACTURING CO. and HARDIE-TYNES MANUFACTURING COMPANY);
**HERCULES MANUFACTURING COMPANY, INC.**;
**HOWDEN NORTH AMERICA, INC.** f/k/a HOWDEN BUFFALO, INC. (individually and as successor-in-interest to BUFFALO FORGE COMPANY);
**IMO INDUSTRIES, INC.** (sued individually and as successor-in-interest to DELAVAL TURBINE, INC.);
**INGERSOLL-RAND COMPANY** (individually and as successor-in-interest to TERRY STEAM TURBINE);
**ITT INDUSTRIES, INC.** (sued individually and as successor-in-interest

3

DEFENDANT CRANE CO.'S NOTICE OF JOINDER OF REMOVAL

to BELL & GOSSETT, FOSTER
ENGINEERING and HOFFMAN
SPECIALTY);
**KERR MACHINERY CO.** n/k/a
KERR PUMP & SUPPLY INC.;
**LAWLER MANUFACTURING
COMPANY, INC.** f/k/a LAWLER
AUTOMATIC CONTROLS, INC.;
**THE MARLEY-WYLAIN
COMPANY**;
**MUELLER STEAM SPECIALITY
COMPANY** n/k/a WATTS WATER
TECHNOLOGIES, INC.;
**THE NASH ENGINEERING
COMPANY**;
**OWENS-ILLINOIS, INC.**;
**PPG INDUSTRIES, INC.**
(individually and as successor-in-interest
to AKZO NOBEL INC., and
DEVOE COATINGS);
**QUIMBY EQUIPMENT COMPANY**;
**ROBERTSHAW CONTROLS
COMPANY** (individually and as
successor-in-interest to FULTON
SYLPHON COMPANY);
**ROCKWELL AUTOMATION INC.**
(individually and as successor by
merger to ALLEN-BRADLEY
COMPANY LLC and ROSTONE
CORPORATION);
**ROSS OPERATING VALVE
COMPANY** cl/b/a ROSS CONTROLS;
**RSCC WIRE & CABLE, LLC.**;
**SCHNEIDER ELECTRIC, USA,
INC.**, f/k/a SQUARE D COMPANY,-
**SIEMENS CORPORATION**
(individually and as successor-in-interest
to ITE CIRCUIT BREAKER
CO.);
**SIEMENS ENERGY INC.**
(individually and as successor by
merger to DRESSER-RAND GROUP,
INC.);
**SPIRAX SARCO, INC.**;
**SPX CORPORATION** (sued
individually and as successor-in-interest
to THE MARLEY COMPANY,
WYLAIN, INC., WEIL-McCLAIN, a
division of WYLAIN, INC., and WEIL-
McCLAIN);
**STERLING FLUID SYSTEMS**,
**(USA) LLC** f/k/a PEERLESS PUMP
COMPANY;
**SULZER PUMPS HOUSTON, INC.**
(sued individually and as successor-in-
interest to PACO PUMPS f/k/a

---

4

DEFENDANT CRANE CO.'S NOTICE OF JOINDER OF REMOVAL

PACIFIC PUMPING COMPANY);
**SUPERIOR-LIDGER WOOD MUNDY** (individually and as successor-in interest to M.T. Davidson Co.);
**VELAN VALVE CORP.**;
**VIAD CORP** f/k/a THE DIAL CORPORATION (sued individually and as successor-in-interest to GRISCOM-RUSSELL COMPANY);
**VIKING PUMP, INC.**, a Unit of IDEX Corporation;
**WARREN PUMPS, LLC** (individually and as successor-in-interest to QUIMBY PUMP COMPANY);
**WEIL-McCLAIN**;
**WEIL-McCLAIN**, a division of THE MARLEY COMPANY (sued individually and as successor-in-interest to WYLAIN CO.)
**WILO USA LLC** (individually and as successor-in-interest to WEIL PUMP COMPANY, INC.)
**WEIR VALVES & CONTROLS USA INC.** f/k/a ATWOOD & MORRILL.;
**THE WILLIAM POWELL COMPANY**;
and DOES 1-450, inclusive,

                    Defendants.

DEFENDANT CRANE CO.'S NOTICE OF JOINDER OF REMOVAL

### <u>NOTICE OF JOINDER OF REMOVAL</u>

Defendant Crane Co. hereby joins in the Notice of Removal filed by defendant Elliott Company, which removed this action from the Superior Court of the State of California for the County of Los Angeles based on federal-officer jurisdiction under 28 U.S.C. §§ 1442(a)(1) and 1446.  Crane Co. asserts that Elliott Company has proper grounds for removal, as stated in its Notice of Removal, and also that Crane Co. has similar but independent grounds for removal, for which it provides the following short and plain statement:

1.      Plaintiffs filed their complaint in the Superior Court of the State of California for the County of Los Angeles, on January 26, 2018 (attached as Exhibit 1).

2.      Crane Co. was served with the Complaint on January 30, 2018.

3.      Crane Co.'s notice of removal is timely under 28 U.S.C § 1446(b) and Fed. R. Civ. P. 6(a)(1)(C) because Crane Co. is filing this notice within 30 days of being served with Plaintiffs' complaint.

4.       In their complaint, Plaintiffs allege that Mr. Siegfried developed "malignant mesothelioma" as a result of exposures to asbestos which he incurred while serving in the United States Navy at the Long Beach  Naval Shipyard between 1969 and 1996. *See* Ex. 1, Preliminary Fact Sheet, p. 4, Ex. 1, Complaint, p. 19.

5.      The allegation that Mr. Siegfried was exposed to asbestos while employed by the Long Beach Naval Shipyard gives rise to Crane Co.'s federal defense, often called the government contractor defense.  In short, any Crane Co. products that Plaintiffs allege exposure to in the Navy's facilities or ships would have been manufactured and supplied to the Navy, along with any product literature, labeling, or warnings that accompanied those products, in strict accordance with Navy specifications and requirements.  As such, the United States Navy retained and exercised full discretion regarding whether (i) asbestos was used in the products it procured and (ii) whether a warning would accompany the products (and if so, what it

DEFENDANT CRANE CO.'S NOTICE OF JOINDER OF REMOVAL

would say).  Without approval from the Navy, Crane Co.'s products could not have been used aboard Navy ships.

6.     Removal is proper under 28 U.S.C. § 1442(a)(1) where the removing defendant establishes that: (1) the defendant is a person under the statute; (2) the defendant was acting under the direction of a federal officer when it engaged in the allegedly tortious conduct; (3) there is a causal nexus between the plaintiffs' claims and the defendant's actions under federal direction; and (4) the defendant has raised a colorable defense based on federal law. *See Mesa v. California*, 489 U.S. 121, 124–25, 129–31, 134–35 (1989).

7.     In *Leite v. Crane Co.*, the United States Court of Appeals for the Ninth Circuit held that Crane Co. had met all of the requirements of federal-officer removal on the basis of allegations and evidence identical to those submitted here. *See Leite v. Crane Co.*, 749 F.3d 1117 (9th Cir. 2014).  The Second and Fifth Circuits have reached the same conclusion with respect to Crane Co., also on the basis of identical allegations and evidence.  *See Zeringue v. Crane Co.,* 846 F.3d 785 (5th Cir. 2017); *Cuomo v. Crane Co.*, 711 F.3d 113 (2d Cir. 2014).

8.     The right of equipment manufacturers to remove asbestos personal-injury actions involving allegations of exposure on U.S. Navy ships has also been upheld by the Third, Fourth, and Seventh Circuits in cases involving other similarly situated defendants.  *See Papp v. Fore-Kast Sales Co.*, 842 F.3d 805 (3d Cir. 2016); *Sawyer v. Foster Wheeler LLC*, 860 F.3d 249 (4th Cir. 2017); *Ruppel v. CBS Corp.*, 701 F.3d 1176 (7th Cir. 2012).

9.     As these six Courts of Appeals (including the Ninth Circuit) have now recognized, all four elements of the removal analysis are satisfied here.

10.     First, Crane Co., as a corporation, qualifies as a "person" for purposes of the statute. *See Winters v. Diamond Shamrock Co.*, 149 F.3d 387, 398 (5th Cir. 1998).

11.     Second, Crane Co. was "acting under" the direction of the Navy because it contracted with the Navy to produce products that the Navy required to build its

ships and fulfill its operational objectives.  *See* Affidavit of Anthony D. Pantaleoni ("Pantaleoni Aff.") at ¶¶ 5-6, attached as Exhibit 2; Affidavit of David P. Sargent ("Sargent Aff.") at ¶¶ 22-32, attached as Exhibit 3; *see also Isaacson v. Dow Chemical Co.*, 517 F.3d 129, 137 (2d Cir. 2008).

12.     More specifically, since the 1950s, the Navy has issued Military Specifications (MILSPECs) for various products – including the types of products allegedly manufactured or supplied by Crane Co. here – and certain MILSPECs required the use of asbestos or asbestos components.  *See* Sargent Aff. at ¶¶ 26-27, and 32.  Compliance with the specifications for equipment to be used on Navy ships was directly monitored by Naval Machinery Inspectors. *See* Sargent Aff. at ¶ 29.  As a result, unless Crane Co. products were first determined to be in conformity with all applicable Navy specifications, they could not be installed aboard Navy ships.  *See* Sargent Aff. at ¶ 29.

13.     The Navy's specifications governed not only the design and construction of the Crane Co. products it purchased, but also the form and content of any labeling, product literature, or warnings supplied with the products.  *See* Sargent Aff. (Ex. 3) at ¶¶ 23-32.  The Navy reviewed the proposed product literature and labeling that accompanied products like those supplied by Crane Co. and, at its discretion, edited the wording of instructional material and warnings, approving certain warning language and disapproving other language.  *See* Sargent Aff. (Ex. 3), at ¶ 59 & Exhibit K, Doc. 2-8 (examples of the Navy providing line-by-line edits to the product literature and proposed warning language of equipment manufacturers like Crane Co.).

14.     Given the Navy's direct and detailed control over the design and manufacture of Crane Co. products and any accompanying literature/labeling, the "acting under" element of the removal analysis is satisfied here.

15.     Third, in light of the Navy's direction and control of both the design and manufacture of Crane Co. products, there is a strong "causal nexus" between

DEFENDANT CRANE CO.'S NOTICE OF JOINDER OF REMOVAL

Plaintiffs' claims and Crane Co.'s allegedly tortious actions.  Indeed, Plaintiffs' claims against Crane Co. depend solely on actions Crane Co. took in accordance with directions and specifications issued by the Navy.

16.    Finally, Crane Co.'s government contractor defense is a colorable federal defense to Plaintiffs' claims. As set forth by the United States Supreme Court in *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988), the government contractor defense applies when (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about any dangers inherent in use of the equipment that were known to the supplier but not to the United States.

17.    As the Second, Fifth, and Ninth Circuits have held, Crane Co. has a colorable government contractor defense because, as detailed above, Crane Co. products – as well as any labeling, product literature, or warnings supplied with those products – were designed and manufactured in accordance with precise specifications approved, and enforced, by the Navy.  *See* Pantaleoni Aff. (Ex. 2) at ¶¶ 5-6; Sargent Aff. (Ex. 3) at ¶¶ 22–32.

18.    Moreover, throughout the 1900s, the Navy was one of the leaders in industrial hygiene in the United States. Accordingly, the Navy possessed "state of the art" knowledge regarding the hazards of asbestos equal to or superior to its equipment suppliers, such as Crane Co.  *See* Affidavit of Samuel A. Forman ("Forman Aff.") at ¶¶ 21-23, attached as Exhibit 4.

19.    These averments, and the evidence supporting them, establish a colorable government contractor defense and satisfy all elements of the federal-officer removal statute. *See Leite*, 749 F.3d 1117; *Zeringue*, 846 F.3d 785; *Cuomo*, 771 F.3d 113; *Papp*, 842 F.3d 805; *Sawyer*, 860 F.3d 249; *Ruppel*, 701 F.3d 1176.

20.    As required by Section 1446(a), copies of all process, pleadings, and orders served on Crane Co. are being filed with this notice.

21.    Under Section 1446(d), Defendant Crane Co. is filing written notice of this removal with the Superior Court of the State of California for the County of Los Angeles, concurrently with the filing of this notice of removal, and Crane Co. will serve that notice on counsel of record. (A copy of the notice to be filed with the state court is attached as Exhibit 5).

WHEREFORE, Defendant Crane Co. requests that this Court assume jurisdiction over this case on removal from the Superior Court of the State of California for the County of Los Angeles.

K&L GATES LLP

Dated: February 27, 2018        By: */s/ Geoffrey M Davis*
                                     Geoffrey M Davis
                                     Attorneys for Crane Co.

DEFENDANT CRANE CO.'S NOTICE OF JOINDER OF REMOVAL