1  MICHAEL J. PIETRYKOWSKI  (SBN:  118677)
   mpietrykowski@gordonrees.com
2  JAMES G. SCADDEN (SBN:  090127)
   jscadden@gordonrees.com
3  GLEN R. POWELL (SBN:  219453)
   gpowell@gordonrees.com
4  GORDON & REES LLP
   633 West Fifth Street, 52nd Floor
5  Los Angeles, CA  90071
   Telephone:  (213) 576-5000
6  Facsimile:  (213) 680-4470

7  Attorneys for Defendant
   AIR & LIQUID SYSTEMS CORPORATION,
8  successor by merger to BUFFALO
   PUMPS, INC.

9                    **UNITED STATES DISTRICT COURT**

10               **CENTRAL DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| **TERRY LEE SIEGFRIED** and **TERRI SIEGFRIED**, | Case No. 2:18-cv-01575-CAS-E |
| | Los Angeles Superior Court Case No. BC691900 |
| Plaintiffs, | **AIR & LIQUID SYSTEMS CORPORATION, SUCCESSOR BY MERGER TO BUFFALO PUMPS, INC.'S ("BUFFALO") JOINDER IN ELLIOTT CO.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTIONS 1442(a)(1) AND 1446(a) AND NOTICE OF REMOVAL OF BUFFALO; EXHIBITS 1-8; CERTIFICATE OF SERVICE** |
| v. | |
| **3M COMPANY** (f/k/a MINNESOTA MINING & MANUFACTURING COMPANY); **AIR & LIQUID SYSTEMS CORPORATION** (sued individually and as successor-in-interest to BUFFALO PUMPS, INC.; **ABB, INC.** individually and as successor-in-interest to ITE IMPERIAL CO f/k/a ITE CIRCUIT BREAKER COMPANY); **ALFA LAVAL INC.** (sued individually and as successor-in-interest to THE DELAVAL SEPARATOR COMPANY and SHARPLES CORPORATION); **ATWOOD & MORRILL CO., INC.**, d/b/a WEIR VALVES & CONTROLS USA, INC.; **AURORA PUMP COMPANY**; **A.O. SMITH CORP., BACOU-DALLOZ USA, INC.** (sued as successor-in-interest and/or f/k/a W.G.M. SAFETY PRODUCTS d/b/a WILLSON SAFETY PRODUCTS); **CARRIER CORPORATION**; **CARVER PUMP COMPANY**; **CBS CORPORATION** (a Delaware Corporation) f/k/a VIACOM, INC., as successor-by-merger to CBS CORPORATION (a Pennsylvania Corporation) f/k/a | |

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

-1-

**AIR & LIQUID SYSTEMS CORPORATION, SUCCESSOR BY MERGER TO BUFFALO PUMPS, INC.'S ("BUFFALO") JOINDER IN ELLIOTT CO.'S NOTICE OF REMOVAL OF ACTION**

WESTINGHOUSE ELECTRIC CORPORATION, and also as successor-in-interest to BF STURTEVANT; **CLA-VAL CO.**; **CLEAVER-BROOKS, INC.** (sued individually and as successor-in-interest to DAVIS ENGINEERING COMPANY formerly known as AQUA-CHEM, INC. doing business as CLEAVER-BROOKS DIVISION); **COOPER WIRING DEVICES**, a division of COOPER INDUSTRIES (individually and as successor-in-interest to ARROW-HART & HEGEMAN, INC.); **COPES-VULCAN, INC.**; **CRANE CO.** (sued individually and as successor-in-interest to COCHRANE CORPORATION; CHAPMAN VALVE COMPANY and JENKINS VALVES); **CRANE ENVIRONMENTAL, INC.** (sued individually and as successor-in-interest to COCHRANE CORPORATION); **EATON CORPORATION** (sued individually and as successor-in-interest to CUTLERHAMMER INC.); **EATON ELECTRICAL, INC.** (sued individually and as successor-in-interest to CUTLERHAMMER INC.); **ELLIOT TURBOMACHINERY COMPANY** a/k/a ELLIOTT COMPANY; **EMERSON ELECTRIC CO.** (individually and as successor-in-interest to KEYSTONE VALVES AND CONTROLS, INC.); **FISHER CONTROLS INTERNATIONAL LLC** f/k/a FISHER GOVERNOR COMPANY; **FMC CORPORATION** (sued individually and as successor-in-interest to NORTHERN PUMP COMPANY and PEERLESS PUMP COMPANY); **FOSTER WHEELER ENERGY CORPORATION**; **FRASER BOILER SERVICE, INC.**; **GARDNER-DENVER, INC.**; **GENERAL DYNAMICS CORPORATION** (successor-in-interest to BATH IRON WORKS LTD. f/k/a THE HYDE WINDLASS COMPANY); **GENERAL ELECTRIC COMPANY** (individually and as successor-in-interest to MASONEILAN, and MANNING, MAXWELL & MOORE, INC.); **GIBBS & COX, INC.**; **THE GORMAN-RUPP COMPANY** (individually and as successor-in-interest to PATTERSON PUMP COMPANY, and C.H. WHEELER); **GOULDS ELECTRONICS** (as successor-in-interest to THE CIRCUIT

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

1  BREAKER CO.); **GOULDS PUMPS, INC.**;
**HARDIE-TYNES CO., INC.** (sued
2  individually and as successor-in-interest
to HARDIE-TYNES MANUFACTURING
3  CO. and HARDIE-TYNES
MANUFACTURING
4  COMPANY); **HARDIE-TYNES
FOUNDRY & MACHINE CO.** (sued
5  individually and as successor-in-interest
to HARDIE-TYNES MANUFACTURING
6  CO. and HARDIE-TYNES
MANUFACTURING COMPANY);
7  **HARDIE-TYNES, LLC** (sued individually
and as successor-in-interest to HARDIE-
8  TYNES MANUFACTURING CO. and
HARDIETYNES MANUFACTURING
9  COMPANY); **HERCULES
MANUFACTURING COMPANY,
10  INC.**; **HOWDEN NORTH AMERICA,
INC.** f/k/a HOWDEN BUFFALO, INC.
11  (individually and as successor-in-interest
to BUFFALO FORGE COMPANY);
12  **IMO INDUSTRIES, INC.** (sued
individually and as successor-in-interest
13  to DELAVAL TURBINE, INC.);
**INGERSOLL-RAND COMPANY**
14  (individually and as successor-in-interest
to TERRY STEAM TURBINE); **ITT
15  INDUSTRIES, INC.** (sued individually
and as successor-in-interest to BELL &
16  GOSSETT, FOSTER ENGINEERING
and HOFFMAN SPECIALTY); **KERR
17  MACHINERY CO.** n/k/a KERR PUMP
& SUPPLY INC.; **LAWLER
18  MANUFACTURING COMPANY,
INC.** f/k/a LAWLER AUTOMATIC
19  CONTROLS, INC.; **THE
MARLEYWYLAIN COMPANY**;
20  **MUELLER STEAM SPECIALITY
COMPANY** n/k/a WATTS WATER
21  TECHNOLOGIES, INC.; **THE NASH
ENGINEERING COMPANY**;
22  **OWENS-ILLINOIS, INC.**; **PPG
INDUSTRIES, INC.** (individually and as
23  successor-in-interest to AKZO NOBEL
INC., and DEVOE COATINGS);
24  **QUIMBY EQUIPMENT COMPANY**;
**ROBERTSHAW CONTROLS
25  COMPANY** (individually and as
successor-in-interest to FULTON
26  SYLPHON COMPANY); **ROCKWELL
AUTOMATION INC.** (individually and as
27  successor by merger to ALLENBRADLEY
COMPANY LLC and ROSTONE
28  CORPORATION); **ROSS OPERATING
VALVE COMPANY** d/b/a ROSS

-3-

1   CONTROLS; **RSCC WIRE**
**& CABLE, LLC.**; **SCHNEIDER**
2   **ELECTRIC, USA, INC.**, f/k/a SQUARE
D COMPANY; **SIEMENS**
3   **CORPORATION** (individually and as
successor-in-interest to ITE CIRCUIT
4   BREAKER CO.); **SIEMENS ENERGY**
**INC.** (individually and as successor by
5   merger to DRESSER-RAND GROUP,
INC.); **SPIRAX SARCO, INC.**; **SPX**
6   **CORPORATION** (sued individually and
as successor-in-interest to THE MARLEY
7   COMPANY, **WYLAIN, INC.**, **WEIL**
**McCLAIN**, a division of WYLAIN, INC.,
8   and WEIL-McCLAIN); **STERLING**
**FLUID SYSTEMS, (USA) LLC** f/k/a
9   PEERLESS PUMP COMPANY;
**SULZER PUMPS HOUSTON, INC.**
10   (sued individually and as successor-in-
interest to PACO PUMPS f/k/a PACIFIC
11   PUMPING COMPANY); **SUPERIOR-**
**LIDGERWOOD-MUNDY**
12   (individually and as successor-in-interest to
M.T. Davidson Co.); **VELAN VALVE**
13   **CORP.**; **VIAD CORP** f/k/a THE DIAL
CORPORATION (sued individually and
14   as successor-in-interest to GRISCOM-
RUSSELL COMPANY); **VIKING PUMP,**
15   **INC.**, a Unit of IDEX Corporation;
**WARREN PUMPS, LLC**
16   (individually and as successor-in-interest
to QUIMBY PUMP COMPANY); **WEIL**
17   **McCLAIN**; **WEIL-McCLAIN**, a division of
THE MARLEY COMPANY (sued
18   individually and as successor-in-interest to
WYLAIN CO.); **WILO USA LLC**
19   (individually and as successor-in-interest to
WEIL PUMP COMPANY, INC.)
20   **WEIR VALVES & CONTROLS USA**
**INC.** f/k/a ATWOOD & MORRILL;
21   **THE WILLIAM POWELL**
**COMPANY**; and DOES 1-450, inclusive
22
Defendants.
23

24   **JOINDER IN NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28**

25   **U.S.C. SECTIONS 1442 AND 1446 AND NOTICE OF REMOVAL**

26   The Notice of Removal filed by defendant ELLIOTT COMPANY ("Elliott

27   Co."). was appropriate with the same authorities and logic applying equally to AIR

28   & LIQUID SYSTEMS CORPORATION, successor by merger to BUFFALO

-4-

*Gordon & Rees LLP*
*633 West Fifth Street, 52nd Floor*
*Los Angeles, CA  90071*

PUMPS, INC. ("BUFFALO PUMPS").  Defendant BUFFALO PUMPS hereby joins and incorporates by reference as though fully set forth herein the points and authorities relied upon in defendant Elliott Co.'s Notice of Removal.

Pursuant to 28 U.S.C. sections 1442 and 1446, defendant BUFFALO PUMPS has its own independent basis upon which to remove this action, originally filed in the Los Angeles County Superior Court and removed to the United States District Court Central District in Los Angeles on the following grounds:

1. **Jurisdiction.**  This Court has subject matter jurisdiction over this case because the claims involve a person, BUFFALO PUMPS, acting under the authority of an officer or agency of the United States.  28 U.S.C. § 1442; *Freiberg v. Swinerton & Walberg Property Services, Inc.* 245 F.Supp.2d 1144, 1150 (2002).

2. **Intradistrict Assignment.**  The claims are pending within the District and the Division of this Court.  Therefore, the claims should be assigned to this Division.

3. **Timeliness.**  This Notice of Removal is timely because it was filed within thirty (30) days of formal service of the Summons and Complaint upon BUFFALO PUMPS, consistent with the requirements of 28 U.S.C. section 1446(b) and Rule 6 of the Federal Rules of Civil Procedure.

4 **Background.**  On or about January 26, 2018, plaintiffs Terry Lee Siegfried and Terri Siegfried filed a Complaint against approximately 60 defendants, including BUFFALO PUMPS, in the Los Angeles County Superior Court.

5. In the Complaint, plaintiffs allege that Terry Lee Siegfried was exposed to asbestos containing products manufactured by a number of defendants, including BUFFALO PUMPS, while working at and Long Beach Naval Shipyard from 1969-1996.  (A true and correct copy of the Summons and Complaint is attached as **Exhibit 1** to this Notice of Removal.)

6. Any equipment manufactured by BUFFALO PUMPS to be used

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

-5-

aboard U.S Naval vessels or in a Naval shipyard was manufactured under the direction and control of a federal officer. (See, generally, Declaration of Ret. Adm. Roger Horne, **Exhibit 2** and the Declaration of Martin Kraft, **Exhibit 3**.) BUFFALO PUMPS manufactured and designed equipment sold to the Navy according to the precise, detailed specifications of the U.S. Navy.  The United States Navy enforced compliance with those design specifications and no aspect of the design of that equipment escaped the close control of the United States Navy and its officers, including all aspects of warnings associated with the equipment. (*Id.*) Accordingly, BUFFALO PUMPS was acting under an officer or agent of the United States within the meaning of 28 U.S.C. § 1442(a)(1).

7.     **Legal Authorities**.  Should plaintiff file a motion to remand in this case, BUFFALO PUMPS requests an opportunity to respond more fully in writing, but, for now, offers the following authorities:

8.     Removal is appropriate where, as here, the removing party (1) acted under the direction of a federal officer; (2) raises a colorable federal defense to plaintiff's claims and (3) can demonstrate a causal nexus between plaintiff's claims and the acts it performed under color of federal office. *Mesa v. California*, 489 U.S. 121, 124-25 (1989).

9.     In 2006, the Ninth Circuit unequivocally stated that "the Supreme Court has mandated a generous interpretation of the federal officer removal statute . . . [and] has held that the right of removal is absolute for conduct performed under color of federal office, and has insisted that the policy favoring removal should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1)." *Durham v. Lockheed Martin Corp.,* 445 F. 3d 1247, 1252 (9th Cir. 2006) (citations omitted). In light of the *Durham* court's ruling, federal district courts in this Circuit have repeatedly interpreted section 1442 broadly in favor of removal where a manufacturer of equipment demonstrates that it acted under the direction of a federal officer, raises a colorable federal defense to plaintiff's claims and

establishes a causal connection between its alleged action under the control of a federal officer and plaintiff's claims. *See, e.g., Ballenger v. Agco Corp.,* 2007 WL 1813821 (N.D. Cal. June 22, 2007) (a copy of Judge Wilken's Order is attached as **Exhibit 4**); *Scanlon v. Asbestos Companies, et al.* CV 10-7264-SVW (JCGx) (a copy of Judge Wilson's Order is attached as **Exhibit 5**); *Wright v. A.W Chesterton, Inc.,* CV 07-05403MJJ (a copy of Judge Jenkin's Order is attached as **Exhibit 6**); *Oberstar v. CBS Corp.,* CV 08-118PA (JWJx) (a copy of this order is attached as **Exhibit 7**); *Jenkins v. Allied Packing and Supply, Inc.* 09 CV101-DMS, (a copy of this order is attached as **Exhibit 8**).

10.    As recognized in *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988), BUFFALO PUMPS has a federal defense to this action: i.e., government contractor immunity from liability for injuries arising from any exposure to asbestos-containing equipment on board United States Navy vessels, or at U.S. Navy land based installations, insofar as they were manufactured or supplied by BUFFALO PUMPS. See also *Carley v. Wheeled Coach,* 991 F.2d 1117, 1123 (3d Cir. 1993); *Kleeman v. McDonnell Douglas Corp.,* 890 F.2d 698, 700 (4th Cir. 1989); *Garner v. Santoro,* 865 F.2d 629, 634 (5th Cir. 1991).

11.    The government contractor defense is not limited to design defect causes of action, but also applies to failure to warn claims. *Getz v. The Boeing Co.* 654 F. 3d 852, (9th Cir. Aug. 2, 2011)**;** accord *Oliver v. Oshkosh Truck Corp.*, 96 F.3d 992, 1003 (7th Cir. 1996), cert. denied, 520 U.S. 1116 (1997. "[W]hen the government exercises its discretion and approves warnings intended for users, it has an interest in insulating its contractors from state failure to warn tort liability." *Tate v. Boeing Helicopters,* 55 F.3d 1150, 1157(6th Cir. 1995). Thus, "[w]hen state law would otherwise impose liability for failure to warn, that law can be displaced when the contractor can show that:  (1) the government exercised its discretion and approved certain warnings; (2) the contractor provided the warnings required by the government; (3) the contractor warned the government about the

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

**AIR & LIQUID SYSTEMS CORPORATION, SUCCESSOR BY MERGER TO BUFFALO PUMPS, INC.'S ("BUFFALO") JOINDER IN ELLIOTT CO.'S NOTICE OF REMOVAL OF ACTION**

1  dangers in the equipment's use that were known to the contractor but not to the
2  government." *Getz*, 654 F. 3d at 866.

3       12.    Similarly, In *Kerstetter v. Pacific Scientific Co.,* 210 F. 3d 431, 438
4  (5th Cir.) *cert. denied* 519 U.S. 919 (2000), the court held that the government
5  contractor defense is available in "failure to warn" actions where the evidence
6  shows that the lack of a warning reflects governmental direction and control rather
7  than the unfettered discretion of the product's manufacturer. As noted in
8  *Kerstetter,* "[t]he government need not prepare the specifications to be considered
9  to have approved them." *Id* at 435.  The only material issue is whether the
10  manufacturer's designs and specifications were subjected to "substantial review"
11  rather than a mere "rubber stamp" approval.  *Id.*  Substantial review is established
12  where there is evidence of a "continuous back and forth" between the contractor
13  and the government." *Id.*  In this regard, "[t]he specifications need not address the
14  specific defect alleged; the government need only evaluate the design feature in
15  question." *Id.*  Applying these general principals to "failure to warn" claims, the
16  fact that government specifications or regulations did not specifically preclude the
17  exact warning desired by a plaintiff does not take a "failure to warn" claim outside
18  the scope of a government contractor defense, so long as the government was
19  generally involved in decisions relating to product warnings and was aware of the
20  hazard in question. *Id* at 438.

21       13.    Further, according to Ret. Admiral Roger Horne: "The Navy retained
22  the final say over the design of any piece of equipment, and made the ultimate
23  decision regarding how to resolve an engineering disagreement between the Navy
24  and an outside supplier.  Without prior discussion, approval and acceptance by the
25  Navy, a warning related to asbestos hazards would not have been permitted." See
26  **Exhibit 2**, page 7 at ¶ 13.

27       14.    "As a consequence of the foregoing, equipment, supplied for use
28  aboard Navy vessels were manufactured pursuant to Navy specifications under

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

**AIR & LIQUID SYSTEMS CORPORATION, SUCCESSOR BY MERGER TO BUFFALO PUMPS, INC.'S
("BUFFALO") JOINDER IN ELLIOTT CO.'S NOTICE OF REMOVAL OF ACTION**

close supervision by personnel employed by the Navy, and approved for installation aboard these vessels exclusively by the Navy and its designated officers.  Any warning purportedly required by state law would not have found its way into a ship as a permanent label on a pump or as a warning in accompanying written materials unless it had been required specifically in the specifications for the product that were issued by the Navy." *Id* at ¶ 16.

15.    As explained in the declaration of Martin Kraft: "In the design phase of the pump project, as in all other phases, the Navy retained ultimate decision authority over the design of the pumps.  If engineering disagreements arose between the Navy and an outside design consultant, the Navy controlled the design adopted.  All pumps supplied by BUFFALO PUMPS to the Navy were built in accordance with the Navy specifications or other technical documentation identified in applicable contract documents." See **Exhibit 3**, page 3 at ¶ 8.

16.    In addition: "Navy specifications or other technical documents identified in applicable contract documents required BUFFALO PUMPS to submit for approval and acceptance by the federal government drafts of any manuals, drawings or other written materials required to be provided with regard to pumps it manufactured for the Navy. These requirements were far more detailed and stringent than those imposed by commercial customers.  (Exhibit A at 3.5; 3.6; Exhibit B at 3.27; 3.28)." *Id* at ¶ 13.

17.    This approval and acceptance process was not merely a process of submission by BUFFALO PUMPS of drawings and manuals.  The Navy's review encompassed all aspects of the technical manuals and other written materials submitted to it for approval in the pump design and manufacture process.  Based on my experience and my review of historical materials, I am aware that the Navy required specific changes to the content and wording of manuals submitted by BUFFALO PUMPS and other naval equipment manufacturers.  These changes included specific edits to cautionary and instructional language, and including

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

1  warnings and cautions.  Examples of correspondence of this type are attached as
2  Exhibit C." *Id* at ¶ 14.

3      18.    BUFFALO PUMPS is not required to notify and obtain the consent of
4  any other defendant in this action in order to remove plaintiff's action as a whole
5  under 28 U.S.C. §1442(a)(l).  *Ely Valley Mines, Inc. v. Hartford Accident Indem.*
6  *Co.,* 644 F.2d 1310, 1315 (9th Cir. 1981); *Akin v. Ashland Chem. Co*., 156 F.3d
7  1030, 1034-35 (1998).

8      19.    A properly removed case cannot be remanded for discretionary or
9  policy reasons, such as allegations of related state cases or contentions that judicial
10 economy compels remand.  *Thermitron Products, Inc. v. Hermansdorfer,* 423 U.S.
11 336, 343-44 (1976); *Elrad v. United Life & Accident Ins.  Co.,* 624 F. Supp. 742,
12 743 (N.D. Ill. 1985).

13     20.    BUFFALO PUMPS has attached those documents required by 28
14 U.S.C. section 1446(a) and (b) and the local rules of the United States District
15 Court, Central District California, including a copy of the Summons and Complaint
16 filed against it by the plaintiff.  **Exhibit 1**.

17     WHEREFORE, defendant BUFFALO PUMPS respectfully requests that the
18 above action now pending against it in the Los Angeles County Superior Court, be
19 removed to this Court.

20 Dated:  February 28, 2018          GORDON & REES LLP

21

22                                   By: /s/ Glen R. Powell
                                         MICHAEL J. PIETRYKOWSKI
23                                       JAMES G. SCADDEN
                                         GLEN R. POWELL
24                                       Attorneys for Defendant AIR &
                                         LIQUID SYSTEMS CORPORATION,
25                                       successor by merger to BUFFALO
                                         PUMPS, INC.
26

27

28

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

-10-

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

## CERTIFICATE OF SERVICE
SIEGFRIED v. 3M COMPANY, ET AL.
USDC CENTRAL CALIF 2:18-CV- 01575 CAS-E

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is: Gordon & Rees LLP, 633 West Fifth Street, 52nd Floor, Los Angeles, CA 90071.  On the date indicated below, I served the within document:

**AIR & LIQUID SYSTEMS CORPORATION, SUCCESSOR BY MERGER TO BUFFALO PUMPS, INC.'S ("BUFFALO") JOINDER IN ELLIOTT COMPANY'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTIONS 1442(a)(1) AND 1446(a) AND NOTICE OF REMOVAL OF BUFFALO; EXHIBITS 1-8; CERTIFICATE OF SERVICE**

| | |
|---|---|
| ☐ | by placing the documents listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at Oakland, addressed as set forth below. |
| ☐ | by electronically serving the document(s) described above via *LexisNexis File & Serve* on the recipients designated on the Transaction Receipt that is located on the *LexisNexis File & Serve* website and as set forth below: |
| ☒ | **by electronically serving** the document(s) described above via United States District Court Electronic Case Filing website (CM/ECF notification system) on the recipients designated on the electronic service list that is located on the Pacer website. |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **February 28, 2018** at Los Angeles, California.

*Erika Facundo*

_____
**ERIKA FACUNDO**

26615344v.1

-11-