MICHAEL J. PIETRYKOWSKI (SBN: 118677)
mpietrykowski@gordonrees.com
JAMES G. SCADDEN (SBN: 090127)
jscadden@gordonrees.com
GLEN R. POWELL (SBN: 219453)
gpowell@gordonrees.com
GORDON REES SCULLY MANSUKHANI LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470

Attorneys for Defendant
WARREN PUMPS, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**TERRY LEE SIEGFRIED** and **TERRI SIEGFRIED**,

Plaintiffs,

v.

**3M COMPANY** (f/k/a MINNESOTA MINING & MANUFACTURING COMPANY); **AIR & LIQUID SYSTEMS CORPORATION** (sued individually and as successor-in-interest to BUFFALO PUMPS, INC.; **ABB, INC.** individually and as successor-in-interest to ITE IMPERIAL CO f/k/a ITE CIRCUIT BREAKER COMPANY); **ALFA LAVAL INC.** (sued individually and as successor-in-interest to THE DELAVAL SEPARATOR COMPANY and SHARPLES CORPORATION); **ATWOOD & MORRILL CO., INC.**, d/b/a WEIR VALVES & CONTROLS USA, INC.; **AURORA PUMP COMPANY**; **A.O. SMITH CORP., BACOU-DALLOZ USA, INC.** (sued as successor-in-interest and/or f/k/a W.G.M. SAFETY PRODUCTS d/b/a WILLSON SAFETY PRODUCTS); **CARRIER CORPORATION**; **CARVER PUMP COMPANY**; **CBS CORPORATION** (a Delaware Corporation) f/k/a VIACOM, INC., as successor-by-merger to CBS CORPORATION (a Pennsylvania Corporation) f/k/a WESTINGHOUSE ELECTRIC CORPORATION, and also as

Case No. 2:18-cv-01575-CAS-E

Los Angeles Superior Court Case No. BC691900

**WARREN PUMPS, LLC'S JOINDER IN ELLIOTT CO.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTIONS 1442(a)(1) AND 1446(a) AND NOTICE OF REMOVAL OF WARREN; EXHIBITS 1-8; CERTIFICATE OF SERVICE**

GORDON REES SCULLY MANSUKHANI LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

successor-in-interest to BF STURTEVANT; **CLA-VAL CO.**; **CLEAVER-BROOKS, INC.** (sued individually and as successor-in-interest to DAVIS ENGINEERING COMPANY formerly known as AQUA-CHEM, INC. doing business as CLEAVER-BROOKS DIVISION); **COOPER WIRING DEVICES**, a division of COOPER INDUSTRIES (individually and as successor-in-interest to ARROW-HART & HEGEMAN, INC.); **COPES-VULCAN, INC.**; **CRANE CO.** (sued individually and as successor-in-interest to COCHRANE CORPORATION; CHAPMAN VALVE COMPANY and JENKINS VALVES); **CRANE ENVIRONMENTAL, INC.** (sued individually and as successor-in-interest to COCHRANE CORPORATION); **EATON CORPORATION** (sued individually and as successor-in-interest to CUTLERHAMMER INC.); **EATON ELECTRICAL, INC.** (sued individually and as successor-in-interest to CUTLERHAMMER INC.); **ELLIOT TURBOMACHINERY COMPANY** a/k/a ELLIOTT COMPANY; **EMERSON ELECTRIC CO.** (individually and as successor-in-interest to KEYSTONE VALVES AND CONTROLS, INC.); **FISHER CONTROLS INTERNATIONAL LLC** f/k/a FISHER GOVERNOR COMPANY; **FMC CORPORATION** (sued individually and as successor-in-interest to NORTHERN PUMP COMPANY and PEERLESS PUMP COMPANY); **FOSTER WHEELER ENERGY CORPORATION**; **FRASER BOILER SERVICE, INC.**; **GARDNER-DENVER, INC.**; **GENERAL DYNAMICS CORPORATION** (successor-in-interest to BATH IRON WORKS LTD. f/k/a THE HYDE WINDLASS COMPANY); **GENERAL ELECTRIC COMPANY** (individually and as successor-in-interest to MASONEILAN, and MANNING, MAXWELL & MOORE, INC.); **GIBBS & COX, INC.**; **THE GORMAN-RUPP COMPANY** (individually and as successor-in-interest to PATTERSON PUMP COMPANY, and C.H. WHEELER); **GOULDS ELECTRONICS** (as successor-in-interest to THE CIRCUIT BREAKER CO.); **GOULDS PUMPS, INC.**; **HARDIE-TYNES CO., INC.** (sued individually and as successor-in-interest

GORDON REES SCULLY MANSUKHANI LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

to HARDIE-TYNES MANUFACTURING CO. and HARDIE-TYNES MANUFACTURING COMPANY); **HARDIE-TYNES FOUNDRY & MACHINE CO.** (sued individually and as successor-in-interest to HARDIE-TYNES MANUFACTURING CO. and HARDIE-TYNES MANUFACTURING COMPANY); **HARDIE-TYNES, LLC** (sued individually and as successor-in-interest to HARDIE-TYNES MANUFACTURING CO. and HARDIETYNES MANUFACTURING COMPANY); **HERCULES MANUFACTURING COMPANY, INC.**; **HOWDEN NORTH AMERICA, INC.** f/k/a HOWDEN BUFFALO, INC. (individually and as successor-in-interest to BUFFALO FORGE COMPANY); **IMO INDUSTRIES, INC.** (sued individually and as successor-in-interest to DELAVAL TURBINE, INC.); **INGERSOLL-RAND COMPANY** (individually and as successor-in-interest to TERRY STEAM TURBINE); **ITT INDUSTRIES, INC.** (sued individually and as successor-in-interest to BELL & GOSSETT, FOSTER ENGINEERING and HOFFMAN SPECIALTY); **KERR MACHINERY CO.** n/k/a KERR PUMP & SUPPLY INC.; **LAWLER MANUFACTURING COMPANY, INC.** f/k/a LAWLER AUTOMATIC CONTROLS, INC.; **THE MARLEYWYLAIN COMPANY**; **MUELLER STEAM SPECIALITY COMPANY** n/k/a WATTS WATER TECHNOLOGIES, INC.; **THE NASH ENGINEERING COMPANY**; **OWENS-ILLINOIS, INC.**; **PPG INDUSTRIES, INC.** (individually and as successor-in-interest to AKZO NOBEL INC., and DEVOE COATINGS); **QUIMBY EQUIPMENT COMPANY**; **ROBERTSHAW CONTROLS COMPANY** (individually and as successor-in-interest to FULTON SYLPHON COMPANY); **ROCKWELL AUTOMATION INC.** (individually and as successor by merger to ALLENBRADLEY COMPANY LLC and ROSTONE CORPORATION); **ROSS OPERATING VALVE COMPANY** d/b/a ROSS CONTROLS; **RSCC WIRE & CABLE, LLC.**; **SCHNEIDER ELECTRIC, USA, INC.**, f/k/a SQUARE D COMPANY; **SIEMENS**

GORDON REES SCULLY MANSUKHANI LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

**CORPORATION** (individually and as successor-in-interest to ITE CIRCUIT BREAKER CO.); **SIEMENS ENERGY INC.** (individually and as successor by merger to DRESSER-RAND GROUP, INC.); **SPIRAX SARCO, INC.**; **SPX CORPORATION** (sued individually and as successor-in-interest to THE MARLEY COMPANY, **WYLAIN, INC.**, **WEIL McCLAIN**, a division of WYLAIN, INC., and WEIL-McCLAIN); **STERLING FLUID SYSTEMS, (USA) LLC** f/k/a PEERLESS PUMP COMPANY; **SULZER PUMPS HOUSTON, INC.** (sued individually and as successor-in interest to PACO PUMPS f/k/a PACIFIC PUMPING COMPANY); **SUPERIOR-LIDGERWOOD-MUNDY** (individually and as successor-in-interest to M.T. Davidson Co.); **VELAN VALVE CORP.**; **VIAD CORP** f/k/a THE DIAL CORPORATION (sued individually and as successor-in-interest to GRISCOM-RUSSELL COMPANY); **VIKING PUMP, INC.**, a Unit of IDEX Corporation; **WARREN PUMPS, LLC** (individually and as successor-in-interest to QUIMBY PUMP COMPANY); **WEIL McCLAIN**; **WEIL-McCLAIN**, a division of THE MARLEY COMPANY (sued individually and as successor-in-interest to WYLAIN CO.); **WILO USA LLC** (individually and as successor-in-interest to WEIL PUMP COMPANY, INC.) **WEIR VALVES & CONTROLS USA INC.** f/k/a ATWOOD & MORRILL; **THE WILLIAM POWELL COMPANY**; and DOES 1-450, inclusive

Defendants.

**DEFENDANT WARREN PUMPS, LLC'S JOINDER IN NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTIONS 1442 AND 1446 AND NOTICE OF REMOVAL**

The Notice of Removal filed by Defendant ELLIOTT COMPANY ("Elliott Co.") was appropriate with the same authorities and logic applying equally to Defendant WARREN PUMPS, LLC. ("WARREN PUMPS"). WARREN PUMPS hereby joins and incorporates by reference as though fully set forth herein the

points and authorities relied upon in Elliott Co.'s Notice of Removal.

Pursuant to 28 U.S.C. sections 1442 and 1446, defendant WARREN PUMPS has its own independent basis upon which to remove this action, originally filed in the Los Angeles County Superior Court and removed to the United States District Court Central District of California in Los Angeles on the following grounds:

1. **Jurisdiction.** This Court has subject matter jurisdiction over this case because the claims involve a person, WARREN PUMPS, acting under the authority of an officer or agency of the United States. 28 U.S.C. § 1442; *Freiberg v. Swinerton & Walberg Property Services, Inc.* 245 F.Supp.2d 1144, 1150 (D. Colo. 2002).

2. **Intradistrict Assignment.** The claims are pending within the District and the Division of this Court. Therefore, the claims should be assigned to this Division.

3. **Timeliness.** This Notice of Removal is timely because it was filed within thirty (30) days of formal service of the Summons and Complaint upon WARREN PUMPS, consistent with the requirements of 28 U.S.C. section 1446(b) and Rule 6 of the Federal Rules of Civil Procedure.

4 **Background.** On or about January 26, 2018, Plaintiffs Terry Lee Siegfried and Terri Siegfried filed a Complaint against approximately 60 defendants, including WARREN PUMPS, in the Los Angeles County Superior Court.

5. In the Complaint, Plaintiffs allege that Terry Lee Siegfried was exposed to asbestos containing products manufactured by a number of Defendants, including WARREN PUMPS, while working at and Long Beach Naval Shipyard from 1969-1996. (A true and correct copy of the Summons and Complaint is attached as **Exhibit 1** to this Notice of Removal.)

6. Any equipment manufactured for the U.S. Navy by WARREN

GORDON REES SCULLY MANSUKHANI LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

PUMPS to be used aboard U.S Naval vessels or in a shipyard was manufactured under the direction and control of a federal officer. (See, generally, Declaration of Rear. Adm. David Sargent, **Exhibit 2,** and the Declaration of Roland Doktor, **Exhibit 3**.) WARREN PUMPS manufactured and designed equipment sold to the Navy according to the precise, detailed specifications of the U.S. Navy. The United States Navy enforced compliance with those design specifications and no aspect of the design of that equipment escaped the close control of the United States Navy and its officers, including all aspects of warnings associated with the equipment. (See **Exhibit 2**.) Accordingly, WARREN PUMPS was acting under an officer or agent of the United States within the meaning of 28 U.S.C. § 1442(a)(1).

7. **Legal Authorities**. Should Plaintiff file a motion to remand in this case, WARREN PUMPS requests an opportunity to respond more fully in writing, but, for now, offers the following authorities:

8. Removal is appropriate where, as here, the removing party (1) acted under the direction of a federal officer; (2) raises a colorable federal defense to plaintiffs' claims and (3) can demonstrate a causal nexus between plaintiffs' claims and the acts it performed under color of federal office. *Mesa v. California*, 489 U.S. 121, 124-25 (1989).

9. In 2006, the Ninth Circuit unequivocally stated that "the Supreme Court has mandated a generous interpretation of the federal officer removal statute . . . [and] has held that the right of removal is absolute for conduct performed under color of federal office, and has insisted that the policy favoring removal should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1)." *Durham v. Lockheed Martin Corp.*, 445 F. 3d 1247, 1252 (9th Cir. 2006) (citations omitted). In light of the *Durham* court's ruling, California federal district courts have repeatedly interpreted section 1442 broadly in favor of removal where a manufacturer of equipment demonstrates that it acted under the direction of a

GORDON REES SCULLY MANSUKHANI LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

federal officer, raises a colorable federal defense to plaintiffs' claims and establishes a causal connection between its alleged action under the control of a federal officer and plaintiffs' claims. *See, e.g., Ballenger v. Agco Corp.*, 2007 WL 1813821 (N.D. Cal. June 22, 2007) (a copy of Judge Wilken's Order is attached as **Exhibit 4**); *Scanlon v. Asbestos Companies, et al.* CV 10-7264-SVW (JCGx) (a copy of Judge Wilson's Order is attached as **Exhibit 5**); *Wright v. A.W Chesterton, Inc.*, CV 07-05403MJJ (a copy of Judge Jenkin's Order is attached as **Exhibit 6**); *Oberstar v. CBS Corp.*, CV 08-118PA (JWJx) (a copy of this order is attached as **Exhibit 7**); *Jenkins v. Allied Packing and Supply, Inc.* 09 CV101-DMS, (a copy of this order is attached as **Exhibit 8**).

10. As recognized in *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988), WARREN PUMPS has a federal defense to this action: i.e., government contractor immunity from liability for injuries arising from any exposure to asbestos-containing equipment on board United States Navy vessels, or at U.S. Navy land based installations, insofar as they were manufactured or supplied by WARREN PUMPS. See also *Carley v. Wheeled Coach*, 991 F.2d 1117, 1123 (3d Cir. 1993); *Kleeman v. McDonnell Douglas Corp.*, 890 F.2d 698, 700 (4th Cir. 1989); *Garner v. Santoro,* 865 F.2d 629, 634 (5th Cir. 1991).

11. Removal on federal officer (e.g., federal contractor) grounds is also allowed in failure to warn cases. *Getz v. The Boeing Co.*, 654 F.3d 852 (9th Cir. 2011). In *Getz*, the court held that the government contractor defense is available in "failure to warn" actions where the evidence shows that the "government exercised [] discretion" in that "the [Navy] considered, reviewed, and determined which warnings to provide. . . ." *Id.* at 867. "[W]hen the government exercises its discretion and approves warnings intended for users, it has an interest in insulating its contractors from state failure to warn tort liability." *Tate v. Boeing Helicopters*, 55 F.3d 1150, 1157(6th Cir. 1995). Thus, "[w]hen state law would otherwise impose liability for failure to warn, that law can be displaced when the contractor

GORDON REES SCULLY MANSUKHANI LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

GORDON REES SCULLY MANSUKHANI LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

can show that: (1) the government exercised its discretion and approved certain warnings; (2) the contractor provided the warnings required by the government; (3) the contractor warned the government about the dangers in the equipment's use that were known to the contractor but not to the government." *Getz*, 654 F. 3d at 866.

12. Similarly, in *Kerstetter v. Pacific Scientific Co.*, 210 F. 3d 431, 438 (5th Cir.) *cert. denied* 519 U.S. 919 (2000), the court held that the government contractor defense is available in "failure to warn" actions where the evidence shows that the lack of a warning reflects governmental direction and control rather than the unfettered discretion of the product's manufacturer. As noted in *Kerstetter*, "[t]he government need not prepare the specifications to be considered to have approved them." *Id* at 435. The only material issue is whether the manufacturer's designs and specifications were subjected to "substantial review" rather than a mere "rubber stamp" approval. *Id.* Substantial review is established where there is evidence of a "continuous back and forth" between the contractor and the government." *Id.* In this regard, "[t]he specifications need not address the specific defect alleged; the government need only evaluate the design feature in question." *Id*. Applying these general principals to "failure to warn" claims, the fact that government specifications or regulations did not specifically preclude the exact warning desired by a plaintiffs does not take a "failure to warn" claim outside the scope of a government contractor defense, so long as the government was generally involved in decisions relating to product warnings and was aware of the hazard in question. *Id* at 438.

13. Further, according to Admiral David Sargent: " Based upon my knowledge of and experience in the design, inspection and procurement of equipment used for Navy vessels, the Navy would not have permitted equipment suppliers to place asbestos related warnings on packaging or containers for pumps or related parts or items supplied during the 1940s, 1950s or 1960s ." Similarly, it

GORDON REES SCULLY MANSUKHANI LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

is also my opinion that the Navy would not have permitted equipment suppliers to place asbestos related warnings in any literature or documentations supplied with pumps for Navy ships in the 1940s, 1950s, and 1960s. See **Exhibit 2**, page 31 at ¶ 66.)

14. As explained in the declaration of WARREN PUMPS' corporate designee Roland Doktor: "Warren Pumps made and supplied pumps for U.S. Navy combatants under contracts between Warren Pumps and the shipyards and/or the U.S. Navy, which administered those contracts through the Naval Sea Systems Command ("NAVSEA") or its predecessor, the Navy Bureau of Ships ("BUSHIPS"). Pumps manufactured and supplied by Warren Pumps for U.S. Navy combatants had to meet precise U.S. Navy specifications. Additionally, pumps were specifically designed and engineered for the combatant or class of combatants in question. In other words, the pumps for a combatant or a class of combatants were custom built, i.e., they were not "off the shelf" products. Under the direction and control of officers and agents of the U.S. Navy, pumps supplied by Warren Pumps were built in accordance with the U.S. Navy specifications, tested pursuant to those specifications and approved by the U.S. Navy. The U.S. Navy specifications . . . include[ed] those governing the components of materials used with the pumps, such items as metals, bearings, packing, gaskets, etc." See **Exhibit 3**, page 2 at ¶ 6.

15. WARREN PUMPS is not required to notify and obtain the consent of any other defendant in this action in order to remove plaintiffs' action as a whole under 28 U.S.C. §1442(a)(l). *Ely Valley Mines, Inc. v. Hartford Accident Indem. Co.*, 644 F.2d 1310, 1315 (9th Cir. 1981); *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1034-35 (1998).

16. A properly removed case cannot be remanded for discretionary or policy reasons, such as allegations of related state cases or contentions that judicial economy compels remand. *Thermitron Products, Inc. v. Hermansdorfer*, 423 U.S.

336, 343-44 (1976) (*abrogated on other grounds by Quackenbush v. Allied Ins. Co.*, 517 U.S. 706, 714-15 (1996)); *Elrad v. United Life & Accident Ins. Co.*, 624 F. Supp. 742, 743 (N.D. Ill. 1985).

17. WARREN PUMPS has attached those documents required by 28 U.S.C. section 1446(a) and (b) and the local rules of the United States District Court, Central District of California, including a copy of the Summons and Complaint filed against it by the Plaintiffs. (See **Exhibit 1**.)

WHEREFORE, Defendant WARREN PUMPS respectfully requests that the above action now pending against it in the Superior Court of California, County of Los Angeles, be removed to this Court.

Respectfully submitted,

Dated: March 1, 2018 GORDON REES SCULLY MANSUKHANI

By: /s/Glen R. Powell
GLEN R. POWELL
Attorneys for Defendant
WARREN PUMPS, LLC

GORDON REES SCULLY MANSUKHANI LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

# CERTIFICATE OF SERVICE

SIEGFRIED V. 3M COMPANY, ET AL.
USDC CENTRAL CALIF 2:18-CV- 01575 CAS-E

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon Rees Scully Mansukhani LLP, 633 West Fifth Street, 52nd Floor, Los Angeles, CA 90071. On the date indicated below, I served the within document:

**WARREN PUMPS, LLC.'S JOINDER IN ELLIOTT COMPANY'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTIONS 1442(a)(1) AND 1446(a) AND NOTICE OF REMOVAL OF WARREN; EXHIBITS 1-8; CERTIFICATE OF SERVICE**

| | |
|---|---|
| ☐ | by placing the documents listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at Oakland, addressed as set forth below. |
| ☐ | by electronically serving the document(s) described above via ***LexisNexis File & Serve*** on the recipients designated on the Transaction Receipt that is located on the ***LexisNexis File & Serve*** website and as set forth below: |
| ☒ | **by electronically serving** the document(s) described above via United States District Court Electronic Case Filing website (CM/ECF notification system) on the recipients designated on the electronic service list that is located on the Pacer website. |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **March 1, 2018** at Los Angeles, California.

Erika Facundo

**ERIKA FACUNDO**

GORDON REES SCULLY MANSUKHANI LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

26615344v.1