1  TUCKER ELLIS LLP
   PATRICK ZAKHARY 298371
2  515 South Flower Street
   Forty-Second Floor
3  Los Angeles, CA 90071-2223
   Telephone:  213.430.3400
4  Facsimile:   213.430.3409

5  TUCKER ELLIS LLP
   NICOLE E. GAGE SBN 208658
6  nicole.gage@tuckerellis.com
   One Market Plaza
7  Steuart Tower, Suite 700
   San Francisco, CA  94105
8  Telephone:  415.617.2400
   Facsimile:  415.617.2409

9
   Attorneys for Defendant
10 COPES-VULCAN, INC.

11

12

13

14               **UNITED STATES CENTRAL DISTRICT**

15        **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

16

17                                              Case No. 2:18-cv-01575

18
   TERRY LEE SIEGFRIED and TERRI          **DEFENDANT COPES-VULCAN, INC.'S**
19 SIEGFRIED,                             **JOINDER IN DEFENDANT ELLIOT**
                                          **COMPANY'S NOTICE OF REMOVAL**
20          Plaintiffs,                   **OF ACTION UNDER 28 U.S.C. §**
                                          **1442(A)(1) (GOVERNMENT**
21      v.                               **CONTRACTOR IMMUNITY - ACTING**
                                          **UNDER DIRECTION OF FEDERAL**
22                                        **OFFICERS**
   3M COMPANY (f/k/a MINNESOTA
23 MINING & MANUFACTURING
   COMPANY), etc., et al.                 State Case No.:     BC691900
24                                         State Action Filed: January 26, 2018
            Defendants.                    Trial Date:         None
25

26

27 **TO  THE  HONORABLE  COURT  AND  TO  ALL  PARTIES  AND  THEIR**

28 **ATTORNEYS OF RECORD:**

_____
     **DEFENDANT COPES-VULCAN, INC. 'S JOINDER IN DEFENDANT ELLIOT COMPANY'S NOTICE OF**
                                   **REMOVAL**
   1339039.1

*(Left margin, vertical text)* TUCKER ELLIS LLP   Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

1    Defendants COPES-VULCAN, INC. ("Copes-Vulcan") hereby gives notice that it

2    joins in Defendant Elliot Company ("Elliot Company") Notice of Removal of the above-

3    entitled action from the Superior Court of the State of California for the County of Los

4    Angeles, to the United States District Court for the Central District of California pursuant

5    to 28 U.S.C. §§ 1442(a)(1) and 1446.  This notice of joinder to Elliot Company's Notice

6    of Removal and consent to removal is based on Copes-Vulcan's separate and independent

7    right to remove under the federal officer removal statute.  In support of its joinder,

8    Copes-Vulcan respectfully states the following:

9                              **Preliminary Matters**

10           1.    On January 26, 2018, Plaintiffs Terry Lee Siegfried and Terri Siegfried filed

11   a Complaint for Personal Injuries against multiple defendants, including Copes-Vulcan,

12   in the Superior Court of the State of California for the County of Los Angeles.  On

13   February 15, 2018, Copes-Vulcan filed its Answer to the Complaint.  Attached hereto as

14   **Exhibit A** is a true and correct copy of Plaintiffs Terry Lee Siegfried and Terri

15   Siegfried's Complaint against Copes-Vulcan. Copes-Vulcan's Answers to the same are

16   attached hereto as **Exhibit B**.   Copes-Vulcan has not been served with any other

17   pleadings.

18           2.    Plaintiffs allege in their Complaint that Terry Lee Siegfried was injured as a

19   result of exposure to asbestos and asbestos-containing products while working for the

20   Long Beach Naval Shipyard aboard countless naval vessels between 1969 and 1996.

21           3.    This case is removable based on federal officer jurisdiction under 28 U.S.C.,

22   § 1442(a)(1).  Plaintiffs' claims against Copes-Vulcan are based on Mr. Siegfried's

23   exposure to equipment allegedly supplied to the United States Navy; products that would

24   have been designed and manufactured in accordance with specifications provided by the

25   U.S. government, and designed and built under the direction and control of the U.S.

26   government and its officers.

27           4.    This Joinder in Elliot Company's Notice of Removal is timely.  The 30-day

28   removal period prescribed by 28 U.S.C. § 1446(b) begins to run when defendant receives

                                              2

**DEFENDANT COPES-VULCAN, INC.'S JOINDER IN DEFENDANT ELLIOT COMPANY'S NOTICE OF
REMOVAL**

1339039.1

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

a copy of the initial pleading setting forth the claim for relief from which it may first be ascertained that the case is removable. 28 U.S.C. § 1446(b).  Copes-Vulcan was served with the Complaint on January 30, 2018.  (**Exhibit A**.)  The receipt of the Complaint puts Copes-Vulcan on notice for the first time in this action that Plaintiffs' claims involve Mr. Siegfried exposure to asbestos in military equipment allegedly built for the United States Government pursuant to specifications provided by the U.S. Navy and under the direction and control of the U.S. government and its officers.  As this Joinder in Notice of Removal is being filed within 30 days of Copes-Vulcan's receipt of the Complaint, it is timely under 28 U.S.C. § 1446(b).

## Nature of the Case

5.      This case is based on Plaintiffs' allegations that Mr. Siegfried contracted mesothelioma and/or other asbestos-related diseases as a result of his exposure to asbestos dust and fibers.

6.      Plaintiffs assert claims against Copes-Vulcan for Negligence, Strict Liability, False Representation under Restatement of Tort Section 402-B, Intentional Tort/Intentional Failure to Warn and Loss of Consortium.

## Jurisdiction, Venue and Intradistrict Assignment

7.      Jurisdiction is based on 28 U.S.C. §§ 1331 and 1442(a)(1) as set forth below under Grounds for Removal.

8.      Venue is proper in the Central District of California because the state court action, which is subject to this removal petition, was filed in the Superior Court of California for the County of Los Angeles.

9.      Furthermore, §1442(a) authorizes such a removal without the consent of any other defendant.  See *Ely Valley Mines, Inc. v. Hartford Acc. & Indem. Co.*, 644 F.2d 1310, 1314-1315 (9th Cir. 1981) ("federal officer…can remove without other defendants joining the petition, and the entire case is removed to the federal court").

///

///

DEFENDANT COPES-VULCAN, INC.'S JOINDER IN DEFENDANT ELLIOT COMPANY'S NOTICE OF REMOVAL

1339039.1

**Grounds for Removal**

10.     This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331, and is removable to this Court by Copes-Vulcan pursuant to 28 U.S.C. § 1442(a)(1) in that Plaintiffs' alleged right to relief depends on the resolution of a substantial question of federal law.

11.     Copes-Vulcan was at all relevant times a "person" within the meaning of 28 U.S.C. § 1442(a)(1). *Fung v. Abex Corp.*, 816 F.Supp. 569, 572 (N.D.Cal. 1992) (finding that a corporate defendant was a "person").

12.     Should Plaintiffs file a motion to remand this case, Copes-Vulcan respectfully requests an opportunity to respond more fully in writing, but offers the following authorities at this time:

13.     Removal pursuant to 28 U.S.C. § 1442(a)(1) is appropriate where the moving party can (1) demonstrate that it acted under the direction of a federal officer, (2) raise a colorable federal defense to plaintiffs' claims, and (3) demonstrate a causal nexus between plaintiffs' claims and the acts it performed under color of federal office.  See *Mesa v. California*, 489 U.S. 121, 124-25, 129-31, 134-35 (1989); *Fung v. Abex Corp.*, 816 F.Supp. 569 (N.D.Cal. 1992); *Machnik v. Buffalo Pumps, Inc.*, 506 F.Supp.2d 99, 102 (D.Conn. 2007).   Here, Copes-Vulcan has satisfied all three requirements and is entitled to the federal officer removal provision.

14.     Plaintiffs claim that Mr. Siegfried was exposed to asbestos from soot blowers allegedly supplied by Copes-Vulcan on board U.S. Naval vessels (Complaint, **Exhibit A**).   Based on Plaintiffs' allegations, Copes-Vulcan has a colorable federal defense of government contractor immunity in that any products designed, manufactured, or supplied for use on U.S. Navy vessels for which Copes-Vulcan is allegedly responsible, would have been designed, manufactured, or supplied under the direction of an officer of the United States within the meaning of 28 U.S.C., § 1442(a)(1).

15.     All soot blowers manufactured for use on U.S. Navy vessels strictly complied with very precise Navy Department specifications or Military Specifications

TUCKER ELLIS LLP

Chicago ◆ Cleveland ◆ Columbus ◆ Houston ◆ Los Angeles ◆ San Francisco ◆ St. Louis

(MilSpecs).  Before a manufacturer received authorization to manufacture or supply soot blowers for/to the U.S. Navy, all of the drawings, plans, technical manuals and other design documentation first had to be inspected and approved by either U.S. Navy. During the time in question, the Navy inspections and approvals were the responsibility of the Bureau of Engineering and its successor organization, the Bureau of Ships (hereinafter "Navy").  The Navy frequently required changes in design, materials and documentation before approving the design and authorizing the manufacture of the soot blower equipment.

16.    United States Naval Machinery Inspectors were stationed on site at manufacturing facilities to inspect and test the soot blowers during each phase of the manufacturing process.  At any point, if any material, feature or component of the soot blowers failed to comply with the applicable specifications, standards or the approved design, then it would have been rejected.  In short, if any soot blowers supplied to the Navy was installed aboard a U.S. Navy vessel, then it conformed to the detailed plans that were approved by the Navy and necessarily complied with all of the precise specifications and standards, including the specification of the precise material composition of component parts, and any that may have contained asbestos.

17.    The Navy required the use of many different types of materials in the equipment built for installation aboard its ships.  Each sub-component was designed and manufactured in accordance with similarly precise specifications, standards and, design reviews which also specifically required the precise type of material to be used in these components.  Where the specifications or standards permitted the manufacturer to choose between two or more types of materials (such as plastic materials or insulation and other heat resistant materials), the manufacturer's choice was subject to specific Navy approval.  To the extent that any soot blower or component part thereof supplied by a manufacturer to the U.S. Navy for installation and/or use on a naval vessel contained asbestos, it would have been specifically required or approved by the Navy through the specification and design approval process.

5

DEFENDANT COPES-VULCAN, INC.'S JOINDER IN DEFENDANT ELLIOT COMPANY'S NOTICE OF REMOVAL

1339039.1

TUCKER ELLIS LLP
Chicago ◆ Cleveland ◆ Columbus ◆ Houston ◆ Los Angeles ◆ San Francisco ◆ St. Louis

18.     If a component on a piece of naval equipment was actually installed onboard a U.S. Navy vessel, then that component and the material composition of that component also complied with the precise specifications, standards and design requirements that the Navy required for such a component. If such a component contained asbestos, then the Navy and/or Maritime Commission required that it contain asbestos. Therefore, every facet of the design and manufacture of soot blowers manufactured or supplied for use on a Navy vessel was controlled by an agency of the U.S. Government.

19.     Copes-Vulcan asserts a colorable federal defense to Plaintiffs' claims, which are affirmatively barred by government contractor immunity as stated by the U.S. Supreme Court in *Boyle v. United Technologies Corp.*, 487 U.S. 500, 108 S.Ct. 2510 (1988), and by the Ninth Circuit Court of Appeals in *McKay v. Rockwell International Corp.*, 704 F.2d 444 (9th Cir. 1983). Pursuant to this federal defense, equipment manufacturers, such as Copes-Vulcan, cannot be held liable under state law for any injuries caused by the equipment built for or under the control of the U.S. Government when: (1) the United States approved reasonably precise specifications; (2) the equipment conformed to these specifications; and (3) the equipment supplier warns the military about any hazards involved in the use of the equipment that are known to the equipment supplier but not known to the military. See *Boyle*, supra, 487 U.S. 500 at 512; *McKay*, supra, 704 F.2d. 444 at 451; *Sundstrom*, supra, 816 F.Supp. 587 at 596-97.

20.     Here, Copes-Vulcan has raised a colorable federal defense to this action under government contractor immunity. To the extent Plaintiffs claim Copes-Vulcan is responsible for soot blowers on board U.S. Naval vessels, (1) such components or equipment would have been designed and manufactured pursuant to precise specifications provided and approved by the U.S. Government through the Navy and/or Coast Guard, (2) the components and equipment would have conformed to those specifications, and (3) the U.S. Government, one of the world's leaders in industrial hygiene concerns, would have possessed information equal to or superior to that of Copes-Vulcan concerning issues of industrial hygiene and asbestos medicine, including

6

DEFENDANT COPES-VULCAN, INC.'S JOINDER IN DEFENDANT ELLIOT COMPANY'S NOTICE OF REMOVAL

1339039.1

TUCKER ELLIS LLP

Chicago ◆ Cleveland ◆ Columbus ◆ Houston ◆ Los Angeles ◆ San Francisco ◆ St. Louis

the potential hazards involved with use of asbestos-containing components or materials associated with soot blowers or other Naval/marine equipment.  Thus, Copes-Vulcan would not have had knowledge of any hazards associated with the use of the equipment which was not already known to the U.S. Government.

21.    A causal nexus exists between Plaintiffs' claims and the acts allegedly performed by Copes-Vulcan under the direction of federal officers.  Plaintiffs' claims against Copes-Vulcan arise out of Mr. Siegfried's alleged work on and around soot blowers on board U.S. Navy for which Copes-Vulcan is allegedly responsible.  Any soot blowers provided for use in those vessels would have been designed and manufactured pursuant to precise federal regulations and/or military specifications, and built under the detailed and direct control of federal officers.  The conduct attributable to Copes-Vulcan is inseparable from the government specifications, regulations, and oversight, and a clear causal nexus exists between Plaintiffs' claims and the acts performed under color of federal office.  Copes-Vulcan has more than a colorable federal defense to this state action under government contractor immunity.  See *Boyle*, supra, 487 U.S. at 512; *Sundstrom v. McDonnell Douglas Corp.*, 816 F.Supp. 587 (N.D. Cal. 1993); *Fung v. Abex Corp.*, 816 F.Supp. 569 (N.D. Cal. 1992); *Pack v. AC and S, Inc.* 838 F. Supp. 1099 (D. Md. 1993); *Crocker v. Borden* 852 F.Supp. 1322 (E.D. La. 1994); *Arness v. Boeing North American, Inc.*, 997 F.Supp. 1268 (C.D. Cal. 1998).

22.    The existence of a single removable claim allows removal of the entire action.  28 U.S.C. § 1441(c).  *National Audubon Society v. Dept. of Water*, 496 F.Supp. 499, 509 (E.D. Cal. 1980).

23.    Notice of Elliot Company's removal has been filed with the state court and provided to all adverse parties pursuant to 28 U.S.C. § 1446(d).

24.    This Notice of Joinder and Joinder is based on this Notice of Removal to the United States District Court, the Certificate of Service of Notice to Adverse Party of Removal filed in the state court action, the Notice to Adverse Party of Removal to

7

**DEFENDANT COPES-VULCAN, INC.'S JOINDER IN DEFENDANT ELLIOT COMPANY'S NOTICE OF REMOVAL**

1339039.1

TUCKER ELLIS LLP

Chicago ◆ Cleveland ◆ Columbus ◆ Houston ◆ Los Angeles ◆ San Francisco ◆ St. Louis

Federal Court filed in the state court action, the complete file in the state court case, and any other matters which the court deems applicable.

WHEREFORE, Copes-Vulcan hereby joins in Elliot Company's Notice of Removal and consents thereto to said removal of this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California.  In the event that Elliot Company is dismissed from this action or withdraws its Notice of Removal, Copes-Vulcan prays that this Court retain jurisdiction based on Copes-Vulcan's independent right to federal officer removal jurisdiction as set forth herein.

DATED:  March 1, 2018                                   TUCKER ELLIS LLP

By: _____
Patrick Zakhary
Nicole E. Gage
Attorneys for Defendant
COPES-VULCAN, INC.

**DEFENDANT COPES-VULCAN, INC.'S JOINDER IN DEFENDANT ELLIOT COMPANY'S NOTICE OF REMOVAL**

1339039.1

CERTIFICATE OF SERVICE

I, Debbie Estebanez, certify and declare as follows:  I am over the age of 18 years and not a party to this action.  I am employed by the law firm Tucker Ellis LLP, and my business address is One Market Plaza, Steuart Tower, Suite 700, San Francisco, California 94105, which is located in the city, county and state where the service described below took place.   My email address is debbie.estebanez@tuckerellis.com.

On March 1, 2018, I served on all interested parties in this action a copy of the following document(s):

**DEFENDANT COPES-VULCAN INC.'S JOINDER IN DEFENDANT ELLIOT COMPANY'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1442(A)(1) (GOVERNMENT CONTRACTOR IMMUNITY - ACTING UNDER DIRECTION OF FEDERAL OFFICERS**

**[ X ]**  by electronically serving the documents described above via United States District Court Electronic Case Filing website (CM/ECF notification system) on the recipients designated on the electronic service list that is located on the PACER website.

**[ X ]**   FEDERAL:  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 1, 2018, at San Francisco, California.



_____

Debbie Estebanez

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TUCKER ELLIS LLP

Chicago ◆ Cleveland ◆ Columbus ◆ Houston ◆ Los Angeles ◆ San Francisco ◆ St. Louis

CERTIFICATE OF SERVICE

1339039.1