RILEY SAFER HOLMES & CANCILA LLP
MEGHAN R.  MCMEEL (CSB #284841)
mmcmeel@rshc-law.com
200 Spectrum Center Drive, 3rd Floor
Irvine, CA  92618
Telephone:   (415) 275-8550
Facsimile:    (415) 275-8551

Attorneys for Defendant
OWENS-ILLINOIS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| TERRY LEE SIEGFRIED and TERRI SIEGFRIED,<br><br>Plaintiffs,<br><br>v.<br><br>3M COMPANY, *et al.*,<br><br>Defendants. | Case No.  2:18-cv-01575-FMO-E<br><br>(Los Angeles County Superior Court, Case No.  BC691900)<br><br>**ANSWER TO COMPLAINT FOR PERSONAL INJURY – ASBESTOS: DEMAND FOR JURY TRIAL**<br><br>Judge:  Hon.  Fernando M. Olguin<br>Courtroom:  6D, 6th Floor<br><br>Complaint Filed:  January 26, 2018<br>Removed:  February 26, 2018<br>Trial:  None |

Defendant OWENS-ILLINOIS, INC.  ("O-I"), submits the following Answer to the Complaint of Plaintiff Terry Lee Siegfried ("Plaintiff") and Terri Siegfried (collectively, the "Plaintiffs") on its own behalf and on behalf of no other defendant, as follows:

**GENERAL ALLEGATIONS**

1.      To the extent that paragraph 1 of the Complaint consists of allegations of fact as to Plaintiffs (individually and/or collectively), O-I lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.  To the extent that paragraph 1 of the Complaint

consists of allegations of fact as to other defendants (known or unknown), O-I lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.  To the extent that paragraph 1 of the Complaint consists of allegations of fact as to O-I, O-I denies the allegations. To the extent that paragraph I of the Complaint consists of conclusions of law, O-I is not required to respond.

2.     To the extent that paragraph 2 of the Complaint consists of allegations of fact as to Plaintiffs (individually and/or collectively), O-I lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.  To the extent that paragraph 2 of the Complaint consists of allegations of fact as to other defendants (known or unknown), O-I lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.  To the extent that paragraph 2 of the Complaint consists of conclusions of law, O-I is not required to respond. Answering paragraph 2, O-I admits that it is a corporation and authorized to conduct business in the State of California.  As to the remaining allegations of fact in paragraph 2 of the Complaint, to the extent they are asserted against O-I, O-I denies the allegations.

3.     To the extent that paragraph 3 of the Complaint consists of allegations of fact as to Plaintiff, O-I lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.  To the extent that paragraph 3 of the Complaint consists of conclusions of law, O-I is not required to respond.  As to the remaining allegations of fact in paragraph 3 of the Complaint, to the extent they are asserted against O-I, O-I denies the allegations.

4.     To the extent that paragraph 4 of the Complaint consists of allegations of fact as to Plaintiffs (individually and/or collectively), O-I lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.  To the extent that paragraph 4 of the Complaint

consists of allegations of fact as to other defendants (known or unknown), O-I lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.  To the extent that paragraph 4 of the Complaint consists of allegations of fact as to O-I, O-I denies the allegations. In particular, O-I denies that Plaintiff was exposed to asbestos from an O-I product, or as a result of any conduct for which O-I is responsible, or that O-I, is in any way liable for any damage or injury allegedly sustained by Plaintiffs.  To the extent that paragraph 4 of the Complaint consists of conclusions of law, O-I is not required to respond.

5.     To the extent that paragraph 5 of the Complaint consists of allegations of fact as to Plaintiffs (individually and/or collectively), O-I lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.  To the extent that paragraph 5 of the Complaint consists of allegations of fact as to other defendants (known or unknown), O-I lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.  As to the remaining allegations of fact in paragraph 5 of the Complaint, to the extent they are asserted against O-I, O-I denies the allegations.

## FIRST CAUSE OF ACTION

### (Negligence)

6.     Answering paragraph 6 of the Complaint, O-I incorporates herein by reference, as though fully set forth herein, paragraphs 1 through 5 of this Answer.

7.     To the extent that paragraph 7 of the Complaint consists of allegations of fact as to other defendants (known or unknown), O-I lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.  To the extent that paragraph 7 of the Complaint consists of allegations of fact as to O-I, O-I denies the allegations.  Moreover, the term "alternate entities" does not correlate to a legally defined corporate relationship and

- 3 -

1   Plaintiffs' use of these terms is vague, confusing, and misleading.  To the extent that

2   paragraph 7 of the Complaint consists of conclusions of law, O-I is not required to

3   respond.

4        8.    To the extent that paragraph 8 of the Complaint consists of allegations

5   of fact as to other defendants (known or unknown), O-I lacks sufficient knowledge

6   or information to form a belief as to the truth of the allegations, and on that basis,

7   denies the allegations.  To the extent that paragraph 8 of the Complaint consists of

8   allegations of fact as to O-I, O-I denies the allegations.  Moreover, the term

9   "alternate entities" does not correlate to a legally defined corporate relationship and

10   Plaintiffs' use of these terms is vague, confusing, and misleading.

11        9.    To the extent that paragraph 9 of the Complaint consists of allegations

12   of fact as to Plaintiff and/or other unknown persons (including other alleged

13   "exposed persons"), O-I lacks sufficient knowledge or information to form a belief

14   as to the truth of the allegations, and on that basis, denies the allegations. To the

15   extent that paragraph 9 of the Complaint consists of allegations of fact as to other

16   defendants (known or unknown), O-I lacks sufficient knowledge or information to

17   form a belief as to the truth of the allegations, and on that basis, denies the

18   allegations.  To the extent that paragraph 9 of the Complaint consists of allegations

19   of fact as to O-I, O-I denies the allegations.  In particular, O-I denies that Plaintiff

20   was exposed to asbestos from an O-I product, or as a result of any conduct for

21   which O-I is responsible, or that O-I is in any way liable for any damage or injury

22   allegedly sustained by Plaintiffs.  Moreover, the term "alternate entities" does not

23   correlate to a legally defined corporate relationship and Plaintiffs' use of these terms

24   is vague, confusing, and misleading.  To the extent that paragraph 9 of the

25   Complaint consists of conclusions of law, O-I is not required to respond.

26        10.    To the extent that paragraph 10 of the Complaint consists of

27   allegations of fact as to Plaintiff and/or other unknown persons (including other

28   alleged "exposed persons"), O-I lacks sufficient knowledge or information to form

a belief as to the truth of the allegations, and on that basis, denies the allegations. To the extent that paragraph 10 of the Complaint consists of allegations of fact as to other defendants (known or unknown), O-I lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations. To the extent that paragraph 10 of the Complaint consists of allegations of fact as to O-I, O-I denies the allegations. In particular, O-I denies that Plaintiff was exposed to asbestos from an O-I product, or as a result of any conduct for which O-I is responsible, or that O-I is in any way liable for any damage or injury allegedly sustained by Plaintiffs. Moreover, the term "alternate entities" does not correlate to a legally defined corporate relationship and Plaintiffs' use of these terms is vague, confusing, and misleading. To the extent that paragraph 10 of the Complaint consists of conclusions of law, O-I is not required to respond.

11.     To the extent that paragraph 11 of the Complaint consists of allegations of fact as to Plaintiff and/or other unknown persons (including other alleged "exposed persons"), O-I lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations. To the extent that paragraph 11 of the Complaint consists of allegations of fact as to other defendants (known or unknown), O-I lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations. To the extent that paragraph 11 of the Complaint consists of allegations of fact as to O-I, O-I denies the allegations. In particular, O-I denies that Plaintiff was exposed to asbestos from an O-I product, or as a result of any conduct for which O-I is responsible, or that O-I is in any way liable for any damage or injury allegedly sustained by Plaintiffs. Moreover, the term "alternate entities" does not correlate to a legally defined corporate relationship and Plaintiffs' use of these terms is vague, confusing, and misleading. To the extent that paragraph 11 of the Complaint consists of conclusions of law, O-I is not required to

1  respond.

2        12.    To the extent that paragraph 12 of the Complaint consists of

3  allegations of fact as to other defendants (known or unknown), O-I lacks sufficient

4  knowledge or information to form a belief as to the truth of the allegations, and on

5  that basis, denies the allegations.  To the extent that paragraph 12 of the Complaint

6  consists of allegations of fact as to O-I, O-I denies the allegations.  Moreover, the

7  term "alternate entities" does not correlate to a legally defined corporate

8  relationship and Plaintiffs' use of these terms is vague, confusing, and misleading.

9  To the extent that paragraph 12 of the Complaint consists of conclusions of law, O-

10  I is not required to respond.

11        13.    To the extent that paragraph 13 of the Complaint consists of

12  allegations of fact as to Plaintiff and/or other unknown persons (including other

13  alleged "exposed persons"), O-I lacks sufficient knowledge or information to form

14  a belief as to the truth of the allegations, and on that basis, denies the allegations.

15  To the extent that paragraph 13 of the Complaint consists of allegations of fact as to

16  other defendants (known or unknown), O-I lacks sufficient knowledge or

17  information to form a belief as to the truth of the allegations, and on that basis,

18  denies the allegations.  To the extent that paragraph 13 of the Complaint consists of

19  allegations of fact as to O-I, O-I denies the allegations.  In particular, O-I denies

20  that Plaintiff was exposed to asbestos from an O-I product or as a result of any

21  conduct for which O-I is responsible, or that O-I is in any way liable for any

22  damage or injury allegedly sustained by Plaintiffs.  Moreover, the term "alternate

23  entities" does not correlate to a legally defined corporate relationship and Plaintiffs'

24  use of these terms is vague, confusing, and misleading.  To the extent that

25  paragraph 13 of the Complaint consists of conclusions of law, O-I is not required to

26  respond.

27        14.    To the extent that paragraph 14 of the Complaint consists of

28  allegations of fact as to Plaintiff, O-I lacks sufficient knowledge or information to

1   form a belief as to the truth of the allegations, and on that basis, denies the

2   allegations.  To the extent that paragraph 14 of the Complaint consists of

3   allegations of fact as to other defendants (known or unknown), O-I lacks sufficient

4   knowledge or information to form a belief as to the truth of the allegations, and on

5   that basis, denies the allegations.  To the extent that paragraph 14 of the Complaint

6   consists of allegations of fact as to O-I, O-I denies the allegations.  In particular, O-

7   I denies that Plaintiff was exposed to asbestos from an O-I product, or as a result of

8   any conduct for which O-I is responsible, or that O-I is in any way liable for any

9   damage or injury allegedly sustained by Plaintiffs.  To the extent that paragraph 14

10  of the Complaint consists of conclusions of law, O-I is not required to respond.

11      15.     To the extent that paragraph 15 of the Complaint consists of

12  allegations of fact as to Plaintiff, O-I lacks sufficient knowledge or information to

13  form a belief as to the truth of the allegations, and on that basis, denies the

14  allegations.  To the extent that paragraph 15 of the Complaint consists of

15  allegations of fact as to other defendants (known or unknown), O-I lacks sufficient

16  knowledge or information to form a belief as to the truth of the allegations, and on

17  that basis, denies the allegations.  To the extent that paragraph 15 of the Complaint

18  consists of allegations of fact as to O-I, O-I denies the allegations.  In particular, O-

19  I denies that Plaintiff was exposed to asbestos from an O-I product, or as a result of

20  any conduct for which O-I is responsible, or that O-I is in any way liable for any

21  damage or injury allegedly sustained by Plaintiffs.  Moreover, the term "alternate

22  entities" does not correlate to a legally defined corporate relationship and Plaintiffs'

23  use of these terms is vague, confusing, and misleading.  To the extent that

24  paragraph 15 of the Complaint consists of conclusions of law, O-I is not required to

25  respond.

26      16.     To the extent that paragraph 16 of the Complaint consists of

27  allegations of fact as to Plaintiff, O-I lacks sufficient knowledge or information to

28  form a belief as to the truth of the allegations, and on that basis, denies the

allegations.  To the extent that paragraph 16 of the Complaint consists of
allegations of fact as to other defendants (known or unknown), O-I lacks sufficient
knowledge or information to form a belief as to the truth of the allegations, and on
that basis, denies the allegations.  To the extent that paragraph 16 of the Complaint
consists of allegations of fact as to O-I, O-I denies the allegations.  In particular, O-
I denies that Plaintiff was exposed to asbestos from an O-I product, or as a result of
any conduct for which O-I is responsible, or that O-I is in any way liable for any
damage or injury allegedly sustained by Plaintiffs.  Moreover, the term "alternate
entities" does not correlate to a legally defined corporate relationship and Plaintiffs'
use of these terms is vague, confusing, and misleading.  To the extent that
paragraph 16 of the Complaint consists of conclusions of law, O-I is not required to
respond.

17.     To the extent that paragraph 17 of the Complaint consists of
allegations of fact as to Plaintiff, O-I lacks sufficient knowledge or information to
form a belief as to the truth of the allegations, and on that basis, denies the
allegations.  To the extent that paragraph 17 of the Complaint consists of
allegations of fact as to other defendants (known or unknown), O-I lacks sufficient
knowledge or information to form a belief as to the truth of the allegations, and on
that basis, denies the allegations.  To the extent that paragraph 17 of the Complaint
consists of allegations of fact as to O-I, O-I denies the allegations.  In particular, O-
I denies that Plaintiff was exposed to asbestos from an O-I product, or as a result of
any conduct for which O-I is responsible, or that O-I is in any way liable for any
damage or injury allegedly sustained by Plaintiffs.  Moreover, the term "alternate
entities" does not correlate to a legally defined corporate relationship and Plaintiffs'
use of these terms is vague, confusing, and misleading.  To the extent that
paragraph 17 of the Complaint consists of conclusions of law, O-I is not required to
respond.

18.     To the extent that paragraph 18 of the Complaint consists of

allegations of fact as to Plaintiff, O-I lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations, To the extent that paragraph 18 of the Complaint consists of allegations of fact as to other defendants (known or unknown), O-I lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.  To the extent that paragraph 18 of the Complaint consists of allegations of fact as to O-I, O-I denies the allegations.  In particular, O-I denies that Plaintiff was exposed to asbestos from an O-I product, or as a result of any conduct for which O-I is responsible, or that O-I is in any way liable for any damage or injury allegedly sustained by Plaintiffs.  Moreover, the term "alternate entities" does not correlate to a legally defined corporate relationship and Plaintiffs' use of these terms is vague, confusing, and misleading.

19.    To the extent that paragraph 19 of the Complaint consists of allegations of fact as to Plaintiff, O-I lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.  To the extent that paragraph 19 of the Complaint consists of allegations of fact as to other defendants (known or unknown), O-I lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.  To the extent that paragraph 19 of the Complaint consists of allegations of fact as to O-I, O-I denies the allegations.  In particular, O-I denies that Plaintiff was exposed to asbestos from an O-I product, or as a result of any conduct for which O-I is responsible, or that O-I is in any way liable for any damage or injury allegedly sustained by Plaintiffs.  Moreover, the term "alternate entities" does not correlate to a legally defined corporate relationship and Plaintiffs' use of these terms is vague, confusing, and misleading.  To the extent that paragraph 19 of the Complaint consists of conclusions of law, O-I is not required to respond.

20.    To the extent that paragraph 20 of the Complaint (including each of its

subparts) consists of allegations of fact as to Plaintiff, O-I lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.  To the extent that paragraph 20 of the Complaint (including each of its subparts) consists of allegations of fact as to other defendants (known or unknown), O-I lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.  To the extent that paragraph 20 of the Complaint (including each of its subparts) consists of allegations of fact as to O-I, O-I denies the allegations.  In particular, O-I denies that Plaintiff was exposed to asbestos from an O-I product, or as a result of any conduct for which O-I is responsible, or that O-I is in any way liable for any damage or injury allegedly sustained by Plaintiffs.  Moreover, the term "alternate entities" does not correlate to a legally defined corporate relationship and Plaintiffs' use of these terms is vague, confusing, and misleading.  To the extent that paragraph 20 of the Complaint (including each of its subparts) consists of conclusions of law, O-I is not required to respond.

21.     To the extent that paragraph 21 of the Complaint consists of allegations of fact as to Plaintiff and/or other unknown persons (including other alleged "exposed persons"), O-I lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations. To the extent that paragraph 21 of the Complaint consists of allegations of fact as to other defendants (known or unknown), O-I lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.  To the extent that paragraph 21 of the Complaint consists of allegations of fact as to O-I, O-I denies the allegations.  In particular, O-I denies that Plaintiff was exposed to asbestos from an O-I product, or as a result of any conduct for which O-I is responsible, or that O-I is in any way liable for any damage or injury allegedly sustained by Plaintiffs.  Further, O-I specifically denies that it caused or contributed to any injury or damage allegedly sustained by

Plaintiffs or that there is any basis for any award of punitive or exemplary damages against O-I.  Moreover, the term "alternate entities" does not correlate to a legally defined corporate relationship and Plaintiffs' use of these terms is vague, confusing, and misleading.  To the extent that paragraph 21 of the Complaint consists of conclusions of law, O-I is not required to respond.

22.     To the extent that paragraph 22 of the Complaint consists of allegations of fact as to Plaintiff, O-I lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.  To the extent that paragraph 22 of the Complaint consists of allegations of fact as to other defendants (known or unknown), O-I lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.  To the extent that paragraph 22 of the Complaint consists of allegations of fact as to O-I, O-I denies the allegations.  In particular, O-I denies that Plaintiff was exposed to asbestos from an O-I product, or as a result of any conduct for which O-I is responsible, or that O-I is in any way liable for any damage or injury allegedly sustained by Plaintiffs.  Further, O-I specifically denies that it caused or contributed to any injury or damage allegedly sustained by Plaintiffs or that there is any basis for any award of punitive or exemplary damages against O-I.  Moreover, the term "alternate entities" does not correlate to a legally defined corporate relationship and Plaintiffs' use of these terms is vague, confusing, and misleading.  To the extent that paragraph 22 of the Complaint consists of conclusions of law, O-I is not required to respond.

23.     To the extent that paragraph 23 of the Complaint consists of allegations of fact as to Plaintiff, O-I lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.  To the extent that paragraph 23 of the Complaint consists of allegations of fact as to other defendants (known or unknown), O-I lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on

that basis, denies the allegations.  To the extent that paragraph 23 of the Complaint consists of allegations of fact as to O-I, O-I denies the allegations.  In particular, O-I denies that Plaintiff was exposed to asbestos from an O-I product, or as a result of any conduct for which O-I is responsible, or that O-I is in any way liable for any damage or injury allegedly sustained by Plaintiffs.  Further, O-I specifically denies that it caused or contributed to any injury or damage allegedly sustained by Plaintiffs or that there is any basis for any award of punitive or exemplary damages against O-I.  Moreover, the term "alternate entities" does not correlate to a legally defined corporate relationship and Plaintiffs' use of these terms is vague, confusing, and misleading.  To the extent that paragraph 23 of the Complaint consists of conclusions of law, O-I is not required to respond.

24.     To the extent that paragraph 24 of the Complaint consists of allegations of fact as to Plaintiff, O-I lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.  To the extent that paragraph 24 of the Complaint consists of allegations of fact as to other defendants (known or unknown), O-I lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.  To the extent that paragraph 24 of the Complaint consists of allegations of fact as to O-I, O-I denies the allegations.  In particular, O-I denies that Plaintiff was exposed to asbestos from an O-I product, or as a result of any conduct for which O-I is responsible, or that O-I is in any way liable for any damage or injury allegedly sustained by Plaintiffs.  Further, O-I specifically denies that it caused or contributed to any injury or damage allegedly sustained by Plaintiffs or that there is any basis for any award of punitive or exemplary damages against O-I.  Moreover, the term "alternate entities" does not correlate to a legally defined corporate relationship and Plaintiffs' use of these terms is vague, confusing, and misleading.  To the extent that paragraph 24 of the Complaint consists of conclusions of law, O-I is not required to respond.

## SECOND CAUSE OF ACTION

### (Strict Liability)

25.     Answering paragraph 25 of the Complaint, O-I incorporates herein by reference, as though fully set forth herein, paragraphs l through 24 of this Answer.

26.     To the extent that paragraph 26 of the Complaint consists of allegations of fact as to Plaintiff and/or other unknown persons, O-I lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.  To the extent that paragraph 26 of the Complaint consists of allegations of fact as to other defendants (known or unknown), O-I lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.  To the extent that paragraph 26 of the Complaint consists of allegations of fact as to O-I, O-I denies the allegations.  Moreover, the term "alternate entities" does not correlate to a legally defined corporate relationship and Plaintiffs' use of these terms is vague, confusing, and misleading.  To the extent that paragraph 26 of the Complaint consists of conclusions of law, O-I is not required to respond.

27.     To the extent that paragraph 27 of the Complaint consists of allegations of fact as to Plaintiff and/or other unknown persons (including other alleged "exposed persons"), O-I lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations. To the extent that paragraph 27 of the Complaint consists of allegations of fact as to other defendants (known or unknown), O-I lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.  To the extent that paragraph 27 of the Complaint consists of allegations of fact as to O-I, O-I denies the allegations.  In particular, O-I denies that Plaintiff was exposed to asbestos from an O-I product, or that O-I is in any way liable for any damage or injury allegedly sustained by Plaintiffs.  Moreover, the term "alternate entities" does not correlate to a legally defined corporate

- 13 -

relationship and Plaintiffs' use of these terms is vague, confusing, and misleading. To the extent that paragraph 27 of the Complaint consists of conclusions of law, O-I is not required to respond.

28.      To the extent that paragraph 28 of the Complaint consists of allegations of fact as to Plaintiff and/or other unknown persons (including other alleged "exposed persons"), O-I lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations. To the extent that paragraph 28 of the Complaint consists of allegations of fact as to other defendants (known or unknown), O-I lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.  To the extent that paragraph 28 of the Complaint consists of allegations of fact as to O-I, O-I denies the allegations.  In particular, O-I denies that Plaintiff was exposed to asbestos from an O-I product, or that O-I is in any way liable for any damage or injury allegedly sustained by Plaintiffs.  Moreover, the term "alternate entities" does not correlate to a legally defined corporate relationship and Plaintiffs' use of these terms is vague, confusing, and misleading. To the extent that paragraph 28 of the Complaint consists of conclusions of law, O-I is not required to respond.

29.      To the extent that paragraph 29 of the Complaint consists of allegations of fact as to Plaintiff, O-I lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.  To the extent that paragraph 29 of the Complaint consists of allegations of fact as to other defendants (known or unknown), O-I lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.  To the extent that paragraph 29 of the Complaint consists of allegations of fact as to O-I, O-I denies the allegations.  To the extent that paragraph 29 of the Complaint consists of conclusions of law, O-I is not required to respond.

30.     To the extent that paragraph 30 of the Complaint (including each of its subparts) consists of allegations of fact as to Plaintiff and/or other unknown persons (including other alleged "exposed persons"), O-I lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.  To the extent that paragraph 30 of the Complaint (including each of its subparts) consists of allegations of fact as to other defendants (known or unknown), O-I lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.  To the extent that paragraph 30 of the Complaint (including each of its subparts) consists of allegations of fact as to O-I, O-I denies the allegations.  In particular, O-I denies that Plaintiff was exposed to asbestos from an O-I product, or that O-I is in any way liable for any damage or injury allegedly sustained by Plaintiffs.  Moreover, the term "alternate entities" does not correlate to a legally defined corporate relationship and Plaintiffs' use of these terms is vague, confusing, and misleading. To the extent that paragraph 30 of the Complaint (including each of its subparts) consists of conclusions of law, O-I is not required to respond.

31.     To the extent that paragraph 31 of the Complaint consists of allegations of fact as to Plaintiff and/or other unknown persons (including other alleged "exposed persons"), O-I lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations. To the extent that paragraph 31 of the Complaint consists of allegations of fact as to other defendants (known or unknown), O-I lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.  To the extent that paragraph 31 of the Complaint consists of allegations of fact as to O-I, O-I denies the allegations.  In particular, O-I denies that Plaintiff was exposed to asbestos from an O-I product, or that O-I is in any way liable for any damage or injury allegedly sustained by Plaintiffs, Further, O-I specifically denies that it caused or contributed to any injury or damage allegedly

sustained by Plaintiffs or that there is any basis for any award of punitive or exemplary damages against O-I.  Moreover, the term "alternate entities" does not correlate to a legally defined corporate relationship and Plaintiffs' use of these terms is vague, confusing, and misleading.  To the extent that paragraph 31 of the Complaint consists of conclusions of law, O-I is not required to respond.

32.    To the extent that paragraph 32 of the Complaint consists of allegations of fact as to Plaintiff and/or other unknown persons (including other alleged "exposed persons"), O-I lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations. To the extent that paragraph 32 of the Complaint consists of allegations of fact as to other defendants (known or unknown), O-I lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.  To the extent that paragraph 32 of the Complaint consists of allegations of fact as to O-I, O-I denies the allegations.  In particular, O-I denies that Plaintiff was exposed to asbestos from an O-I product, or that O-I is in any way liable for any damage or injury allegedly sustained by Plaintiffs.  Further, O-I specifically denies that it caused or contributed to any injury or damage allegedly sustained by Plaintiffs or that there is any basis for any award of punitive or exemplary damages against O-I, To the extent that paragraph 32 of the Complaint consists of conclusions of law, O-I is not required to respond.

33.    To the extent that paragraph 33 of the Complaint consists of allegations of fact as to Plaintiff and/or other unknown persons (including other alleged "exposed persons"), O-I lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations. To the extent that paragraph 33 of the Complaint consists of allegations of fact as to other defendants (known or unknown), O-I lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.  To the extent that paragraph 33 of the Complaint consists of

- 16 -

allegations of fact as to O-I, O-I denies the allegations.  In particular, O-I denies that Plaintiff was exposed to asbestos from an O-I product, or that O-I is in any way liable for any damage or injury allegedly sustained by Plaintiffs.  Further, O-I specifically denies that it caused or contributed to any injury or damage allegedly sustained by Plaintiffs or that there is any basis for any award of punitive or exemplary damages against O-I.  To the extent that paragraph 33 of the Complaint consists of conclusions of law, O-I is not required to respond.

34.   To the extent that paragraph 34 of the Complaint consists of allegations of fact as to Plaintiff and/or other unknown persons (including other alleged "exposed persons"), O-I lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations. To the extent that paragraph 34 of the Complaint consists of allegations of fact as to other defendants (known or unknown), O-I lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.  To the extent that paragraph 34 of the Complaint consists of allegations of fact as to O-I, O-I denies the allegations.  In particular, O-I denies that Plaintiff was exposed to asbestos from an O-I product, or that O-I is in any way liable for any damage or injury allegedly sustained by Plaintiffs, Further, O-I specifically denies that it caused or contributed to any injury or damage allegedly sustained by Plaintiffs or that there is any basis for any award of punitive or exemplary damages against O-I.  Moreover, the term "alternate entities" does not correlate to a legally defined corporate relationship and Plaintiffs' use of these terms is vague, confusing, and misleading.  To the extent that paragraph 34 of the Complaint consists of conclusions of law, O-I is not required to respond.

**THIRD CAUSE OF ACTION**

**(False Representation Under Restatement of Torts Section 402-13)**

35.   Answering paragraph 35 of the Complaint, O-I incorporates herein by reference, as though fully set forth herein, paragraphs 1 through 34 of this Answer.

- 17 -

1      36.    To the extent that paragraph 36 of the Complaint consists of

2   allegations of fact as to Plaintiff and/or other unknown persons (including other

3   alleged "exposed persons" and Plaintiff's "employers"), O-I lacks sufficient

4   knowledge or information to form a belief as to the truth of the allegations, and on

5   that basis, denies the allegations.  To the extent that paragraph 36 of the Complaint

6   consists of allegations of fact as to other defendants (known or unknown), O-I lacks

7   sufficient knowledge or information to form a belief as to the truth of the

8   allegations, and on that basis, denies the allegations.  To the extent that paragraph

9   36 of the Complaint consists of allegations of fact as to O-I, O-I denies the

10  allegations.  Moreover, the term "alternate entities" does not correlate to a legally

11  defined corporate relationship and Plaintiffs' use of these terms is vague, confusing,

12  and misleading.  To the extent that paragraph 36 of the Complaint consists of

13  conclusions of law, O-I is not required to respond.

14     37.    To the extent that paragraph 37 of the Complaint consists of

15  allegations of fact as to Plaintiff and/or other unknown persons (including other

16  alleged "exposed persons" and Plaintiff's "employers"), O-I lacks sufficient

17  knowledge or information to form a belief as to the truth of the allegations, and on

18  that basis, denies the allegations.  To the extent that paragraph 37 of the Complaint

19  consists of allegations of fact as to other defendants (known or unknown), O-I lacks

20  sufficient knowledge or information to form a belief as to the truth of the

21  allegations, and on that basis, denies the allegations.  To the extent that paragraph

22  37 of the Complaint consists of allegations of fact as to O-I, O-I denies the

23  allegations.  Moreover, the term "alternate entities" does not correlate to a legally

24  defined corporate relationship and Plaintiffs' use of these terms is vague, confusing,

25  and misleading.  To the extent that paragraph 37 of the Complaint consists of

26  conclusions of law, O-I is not required to respond.

27     38.    To the extent that paragraph 38 of the Complaint consists of

28  allegations of fact as to Plaintiff and/or other unknown persons (including other

1   alleged "exposed persons"), O-I lacks sufficient knowledge or information to form

2   a belief as to the truth of the allegations, and on that basis, denies the allegations.

3   To the extent that paragraph 38 of the Complaint consists of allegations of fact as to

4   other defendants (known or unknown), O-I lacks sufficient knowledge or

5   information to form a belief as to the truth of the allegations, and on that basis,

6   denies the allegations.  To the extent that paragraph 38 of the Complaint consists of

7   allegations of fact as to O-I, O-I denies the allegations.  In particular, O-I denies

8   that Plaintiff was exposed to asbestos from an O-I product, or that O-I is in any way

9   liable for any damage or injury allegedly sustained by Plaintiffs.  Moreover, the

10   term "alternate entities" does not correlate to a legally defined corporate

11   relationship and Plaintiffs' use of these terms is vague, confusing, and misleading.

12   To the extent that paragraph 38 of the Complaint consists of conclusions of law, O-

13   I is not required to respond.

14       39.    To the extent that paragraph 39 of the Complaint consists of

15   allegations of fact as to Plaintiffs (individually and/or collectively) and/or other

16   unknown persons (including other alleged "exposed persons"), O-I lacks sufficient

17   knowledge or information to form a belief as to the truth of the allegations, and on

18   that basis, denies the allegations.  To the extent that paragraph 39 of the Complaint

19   consists of allegations of fact as to other defendants (known or unknown), O-I lacks

20   sufficient knowledge or information to form a belief as to the truth of the

21   allegations, and on that basis, denies the allegations.  To the extent that paragraph

22   39 of the Complaint consists of allegations of fact as to O-I, O-I denies the

23   allegations.  In particular, O-I denies that Plaintiff was exposed to asbestos from an

24   O-I product, or that O-I is in any way liable for any damage or injury allegedly

25   sustained by Plaintiffs.  Moreover, the term "alternate entities" does not correlate to

26   a legally defined corporate relationship and Plaintiffs' use of these terms is vague,

27   confusing, and misleading.  To the extent that paragraph 39 of the Complaint

28   consists of conclusions of law, O-I is not required to respond.

**FOURTH CAUSE OF ACTION**

**(Intentional Tort/Intentional Failure of Warn)**

40.     Answering paragraph 40 of the Complaint, O-I incorporates herein by reference, as though fully set forth herein, paragraphs 1 through 39 of this Answer.

41.     To the extent that paragraph 41 of the Complaint consists of allegations of fact as to Plaintiffs (individually and/or collectively), O-I lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.  To the extent that paragraph 41 of the Complaint consists of allegations of fact as to other defendants (known or unknown), O-I lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.  To the extent that paragraph 41 of the Complaint consists of allegations of fact as to O-I, O-I denies the allegations.  Moreover, the term "alternate entities" does not correlate to a legally defined corporate relationship and Plaintiffs' use of these terms is vague, confusing, and misleading.  To the extent that paragraph 48 of the Complaint consists of conclusions of law, O-I is not required to respond.

42.     To the extent that paragraph 42 of the Complaint (including each of its subparts) consists of allegations of fact as to Plaintiff and/or other unknown persons (including other alleged "exposed persons"), O-I lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.  To the extent that paragraph 42 of the Complaint (including each of its subparts) consists of allegations of fact as to other defendants (known or unknown), O-I lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.  To the extent that paragraph 42 of the Complaint (including each of its subparts) consists of allegations of fact as to O-I, O-I denies the allegations.  In particular, O-I denies that Plaintiff was exposed to asbestos from an O-I product, that O-I deceived or intended to deceive Plaintiff, or that O-I is in any way liable for any damage or

injury allegedly sustained by Plaintiffs.  Moreover, the term "alternate entities" does not correlate to a legally defined corporate relationship and Plaintiffs' use of these terms is vague, confusing, and misleading.  To the extent that paragraph 42 of the Complaint (including each of its subparts) consists of conclusions of law, O-I is not required to respond.

43.     To the extent that paragraph 43 of the Complaint consists of allegations of fact as to Plaintiffs, O-I lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.  To the extent that paragraph 43 of the Complaint consists of allegations of fact as to other defendants (known or unknown), O-I lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.  To the extent that paragraph 43 of the Complaint consists of allegations of fact as to O-I, O-I denies the allegations.  In particular, O-I denies that Plaintiff was exposed to asbestos from an O-I product, or that O-I is in any way liable for any damage or injury allegedly sustained by Plaintiffs.  Moreover, the term "alternate entities" does not correlate to a legally defined corporate relationship and Plaintiffs' use of these terms is vague, confusing, and misleading.  To the extent that paragraph 43 of the Complaint consists of conclusions of law, O-I is not required to respond.

44.     To the extent that paragraph 44 of the Complaint consists of allegations of fact as to Plaintiffs, and/or other unknown persons (including other alleged "exposed persons"), O-I lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations. To the extent that paragraph 44 of the Complaint consists of allegations of fact as to other defendants (known or unknown), O-I lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.  To the extent that paragraph 44 of the Complaint consists of allegations of fact as to O-I, O-I denies the allegations.  In particular, O-I denies

1   that Plaintiff was exposed to asbestos from an O-I product, that O-I deceived or

2   intended to deceive Plaintiff, or that O-I is in any way liable for any damage or

3   injury allegedly sustained by Plaintiffs.  Further, O-I specifically denies that it

4   caused or contributed to any injury or damage allegedly sustained by Plaintiffs or

5   that there is any basis for any award of punitive or exemplary damages against O-I.

6   Moreover, the term "alternate entities" does not correlate to a legally defined

7   corporate relationship and Plaintiffs' use of these terms is vague, confusing, and

8   misleading.  To the extent that paragraph 44 of the Complaint consists of

9   conclusions of law, O-I is not required to respond.

10                          **FIFTH CAUSE OF ACTION**

11                     **(Respirator Defendant's Negligence)**

12          45.     The Fifth Cause of Action is not alleged against O-I.  Therefore, O-I

13   has no obligation to answer paragraphs 45 of the Complaint.

14          46.     The Fifth Cause of Action is not alleged against O-I.  Therefore, O-I

15   has no obligation to answer paragraphs 46 of the Complaint.

16          47.     The Fifth Cause of Action is not alleged against O-I.  Therefore, O-I

17   has no obligation to answer paragraphs 47 of the Complaint.

18          48.     The Fifth Cause of Action is not alleged against O-I.  Therefore, O-I

19   has no obligation to answer paragraphs 48 of the Complaint.

20          49.     The Fifth Cause of Action is not alleged against O-I.  Therefore, O-I

21   has no obligation to answer paragraphs 49 of the Complaint.

22          50.     The Fifth Cause of Action is not alleged against O-I.  Therefore, O-I

23   has no obligation to answer paragraphs 50 of the Complaint.

24          51.     The Fifth Cause of Action is not alleged against O-I.  Therefore, O-I

25   has no obligation to answer paragraphs 51 of the Complaint.

26          52.     The Fifth Cause of Action is not alleged against O-I.  Therefore, O-I

27   has no obligation to answer paragraphs 52 of the Complaint.

28          53.     The Fifth Cause of Action is not alleged against O-I.  Therefore, O-I

has no obligation to answer paragraphs 53 of the Complaint.

54.     The Fifth Cause of Action is not alleged against O-I.  Therefore, O-I has no obligation to answer paragraphs 54 of the Complaint.

55.     The Fifth Cause of Action is not alleged against O-I.  Therefore, O-I has no obligation to answer paragraphs 55 of the Complaint.

56.     The Fifth Cause of Action is not alleged against O-I.  Therefore, O-I has no obligation to answer paragraphs 56 of the Complaint.

57.     The Fifth Cause of Action is not alleged against O-I.  Therefore, O-I has no obligation to answer paragraphs 57 of the Complaint or any of its subparts.

58.     The Fifth Cause of Action is not alleged against O-I.  Therefore, O-I has no obligation to answer paragraphs 58 of the Complaint.

59.     The Fifth Cause of Action is not alleged against O-I.  Therefore, O-I has no obligation to answer paragraphs 59 of the Complaint.

60.     The Fifth Cause of Action is not alleged against O-I.  Therefore, O-I has no obligation to answer paragraphs 60 of the Complaint.

61.     The Fifth Cause of Action is not alleged against O-I.  Therefore, O-I has no obligation to answer paragraphs 61 of the Complaint.

62.     The Fifth Cause of Action is not alleged against O-I.  Therefore, O-I has no obligation to answer paragraphs 62 of the Complaint.

63.     The Fifth Cause of Action is not alleged against O-I.  Therefore, O-I has no obligation to answer paragraphs 63 of the Complaint.

64.     The Fifth Cause of Action is not alleged against O-I.  Therefore, O-I has no obligation to answer paragraphs 64 of the Complaint.

65.     The Fifth Cause of Action is not alleged against O-I.  Therefore, O-I has no obligation to answer paragraphs 65 of the Complaint.

## SIXTH CAUSE OF ACTION

### (Respirator Defendants' Strict Liability)

66.     The Sixth Cause of Action is not alleged against O-I, Therefore, O-I

- 23 -

has no obligation to answer paragraphs 66 of the Complaint.

67.     The Sixth Cause of Action is not alleged against O-I.  Therefore, O-I has no obligation to answer paragraphs 67 of the Complaint.

68.     The Sixth Cause of Action is not alleged against O-I.  Therefore, O-I has no obligation to answer paragraphs 68 of the Complaint.

69.     The Sixth Cause of Action is not alleged against O-I.  Therefore, O-I has no obligation to answer paragraphs 69 of the Complaint.

70.     The Sixth Cause of Action is not alleged against O-I.  Therefore, O-I has no obligation to answer paragraphs 70 of the Complaint.

71.     The Sixth Cause of Action is not alleged against O-I.  Therefore, O-I has no obligation to answer paragraphs 71 of the Complaint.

72.     The Sixth Cause of Action is not alleged against O-I.  Therefore, O-I has no obligation to answer paragraphs 72 of the Complaint.

73.     The Sixth Cause of Action is not alleged against O-I.  Therefore, O-I has no obligation to answer paragraphs 73 of the Complaint.

74.     The Sixth Cause of Action is not alleged against O-I.  Therefore, O-I has no obligation to answer paragraphs 74 of the Complaint.

75.     The Sixth Cause of Action is not alleged against O-I.  Therefore, O-I has no obligation to answer paragraphs 75 of the Complaint.

76.     The Sixth Cause of Action is not alleged against O-I.  Therefore, O-I has no obligation to answer paragraphs 76 of the Complaint.

77.     The Sixth Cause of Action is not alleged against O-I.  Therefore, O-I has no obligation to answer paragraphs 77 of the Complaint.

78.     The Sixth Cause of Action is not alleged against O-I.  Therefore, O-I has no obligation to answer paragraphs 78 of the Complaint.

79.     The Sixth Cause of Action is not alleged against O-I.  Therefore, O-I has no obligation to answer paragraphs 79 of the Complaint.

**SEVENTH CAUSE OF ACTION**

**(Loss of Consortium)**

80.     Answering paragraph 80 of the Complaint, O-I incorporates herein by reference, as though fully set forth herein, paragraphs 1 through 44 of this Answer.

81.     To the extent that paragraph 81 of the Complaint consists of allegations of fact as to Plaintiffs (individually and/or collectively), O-I lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, O-I denies the allegations.  To the extent that paragraph 81 of the Complaint consists of conclusions of law, O-I is not required to respond.  As to the remaining allegations in paragraph 81 of the Complaint, to the extent they are asserted against O-I, O-I denies the allegations.

82.     To the extent that paragraph 82 of the Complaint consists of allegations of fact as to Plaintiffs (individually and/or collectively), O-I lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, O-I denies the allegations.  To the extent that paragraph 82 of the Complaint consists of conclusions of law, O-I is not required to respond.  As to the remaining allegations in paragraph 82 of the Complaint, to the extent they are asserted against O-I, O-I denies the allegations,

83.     To the extent that paragraph 83 of the Complaint consists of allegations of fact as to Plaintiffs (individually and/or collectively), O-I lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.  To the extent that paragraph 83 of the Complaint consists of conclusions of law, O-I is not required to respond. As to the remaining allegations in paragraph 83 of the Complaint, to the extent they are asserted against O-I, O-I denies the allegations.

84.     To the extent that paragraph 84 of the Complaint consists of allegations of fact as to Plaintiffs (individually and/or collectively), O-I lacks sufficient knowledge or information to form a belief as to the truth of the

allegations, and on that basis, denies the allegations.  To the extent that paragraph 84 of the Complaint consists of allegations of fact as to other defendants (known or unknown), O-I lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.  To the extent that paragraph 84 of the Complaint consists of allegations of fact as to O-I, O-I denies the allegations.  In particular, O-I denies that Plaintiff was exposed to asbestos from any O-I product, equipment, or material, that O-I deceived or intended to deceive Plaintiff, or that O-I is in any way liable for any damage or injury allegedly sustained by Plaintiffs.  Further, O-I specifically denies that it caused or contributed to any injury or damage allegedly sustained by Plaintiffs.  Moreover, the term "alternate entities" does not correlate to a legally defined corporate relationship and Plaintiffs' use of these terms is vague, confusing, and misleading.  To the extent that paragraph,84 of the Complaint consists of conclusions of law, O-I is not required to respond.  As to the remaining allegations of fact in paragraph 84 of the Complaint, to the extent they are asserted against, O-I denies the allegations.

## PLAINTIFFS' PRAYER FOR RELIEF

1.      Responding to the allegations of Plaintiffs' prayers, O-I denies that it caused or contributed to or is in any way liable for any damage or injury allegedly sustained by Plaintiffs, and specifically denies that there is any basis for any award of punitive damages, Further responding, O-I lacks information or knowledge sufficient to respond to each and every allegation in Plaintiffs' prayer for judgment, and on that basis, denies them.  In addition, O-I seeks judgment in its favor and costs of suit herein.

2.      O-I further denies each and every allegation not specifically admitted herein.

## FIRST AFFIRMATIVE DEFENSE

Neither the Complaint nor any purported cause of action alleged by the Plaintiffs therein states facts sufficient to constitute a cause of action against

- 26 -

Defendant.

## SECOND AFFIRMATIVE DEFENSE

To the extent the Complaint asserts Defendant's alleged "market share" liability, or "enterprise liability," the Complaint fails to state facts sufficient to constitute a cause of action against Defendant.

## THIRD AFFIRMATIVE DEFENSE

Neither the Complaint nor any purported cause of action alleged therein states facts sufficient to entitle Plaintiffs to an award of punitive damages against Defendant.

## FOURTH AFFIRMATIVE DEFENSE

The imposition of any punitive damages in this matter would deprive Defendant of its property without due process of law under the California Constitution and United States Constitution.

## FIFTH AFFIRMATIVE DEFENSE

The imposition of any punitive damages in this matter would violate the United States Constitution's prohibition against laws impairing the obligation of contracts.

## SIXTH AFFIRMATIVE DEFENSE

The imposition of any punitive damages in this matter would constitute a criminal fine or penalty and should, therefore, be remitted on the ground that the award violates the United States Constitution.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' action, and each alleged cause of action, is barred by the applicable statute of limitations, including but not limited to California Code of Civil Procedure, Sections 335.1, 338, 339, 340.2, 343, 361, and 474 and California Commercial Code, Section 2725 and including any applicable statute of limitation and/or statute of repose of the state of Plaintiffs' residence if not California.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs unreasonably delayed in bringing this action, without good cause therefor, and thereby have prejudiced Defendant as a direct and proximate result of such delay; accordingly, this action is barred by laches.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff was negligent in and about the matters alleged in the Complaint and in each alleged cause of action; this negligence proximately caused, in whole or in part, the damages alleged in the Complaint.  In the event Plaintiffs are entitled to any damages, the amount of these damages should be reduced by the comparative fault of Plaintiff and any person whose negligent acts or omissions are imputed to Plaintiffs.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs knowingly, voluntarily and unreasonably undertook to encounter each of the risks and hazards, if any, referred to in the Complaint and each alleged cause of action, and this undertaking proximately caused and contributed to any loss, injury or damages incurred by Plaintiffs.

## ELEVENTH AFFIRMATIVE DEFENSE

Any loss, injury or damage incurred by Plaintiffs was proximately caused by the negligent or willful acts or omissions of parties whom Defendant neither controlled nor had the right to control, and was not proximately caused by any acts, omissions or other conduct of Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

The products referred to in the Complaint were misused, abused or altered by Plaintiffs or by others; the misuse, abuse or alteration was not reasonably foreseeable to Defendant, and proximately caused any loss, injury or damages incurred by Plaintiffs.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that its products were manufactured, produced, supplied,

- 28 -

1  sold and distributed in mandatory conformity with specifications promulgated by

2  the United States Government and/or other foreign government under its war

3  powers, as set forth in its Constitution, and/or laws of that country, and that any

4  recovery by Plaintiffs on the Complaint on file herein is barred in consequence of

5  the exercise of those sovereign powers.

6  **FOURTEENTH AFFIRMATIVE DEFENSE**

7  Plaintiffs failed to exercise due diligence to mitigate their loss, injury or

8  damages; accordingly, the amount of damages to which Plaintiffs are entitled, if

9  any, should be reduced by the amount of damages which would have otherwise

10  been mitigated.

11  **FIFTEENTH AFFIRMATIVE DEFENSE**

12  The Court lacks subject matter jurisdiction over the matters alleged in the

13  Complaint because the Complaint and each alleged cause of action against

14  Defendant is barred by the provisions of California Labor Code, Section 3601, et

15  seq. or any Workers' Compensation provisions of the jurisdictions whose laws are

16  deemed to apply to this dispute.

17  **SIXTEENTH AFFIRMATIVE DEFENSE**

18  Defendant alleges that at the time of the injuries alleged in the Complaint,

19  Plaintiffs was employed and was entitled to receive Workers' Compensation

20  benefits from his/her employer; that Plaintiffs' employer, other than Defendant, was

21  negligent in and about the matters referred to in said Complaint, and that such

22  negligence on the part of said employer proximately and concurrently contributed

23  to the happening of the accident and to the loss or damage complained of by

24  Plaintiffs, if any there were, and that by reason thereof Defendant is entitled to set

25  off any such benefits to be received by Plaintiffs against any judgment which may

26  be rendered in favor of Plaintiffs.

27  **SEVENTEENTH AFFIRMATIVE DEFENSE**

28  Discovery may show that at the time of the injuries alleged in the Complaint,

- 29 -

Answer to Complaint for Personal Injury – Asbestos: Demand for Jury Trial – 2:18-cv-01575-FMO

Plaintiff was employed by and entitled to Workers' Compensation benefits from Defendant; such benefits constitute Plaintiffs' exclusive remedy pursuant to Labor Code section 3600 et seq. or any Workers' Compensation provisions of the jurisdictions whose laws are deemed to apply to this dispute.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that at the time of the injuries alleged in the Complaint, Plaintiffs' employers, other than Defendant, were negligent in and about the matters referred to in said Complaint, and that such negligence on the part of said employers proximately and concurrently contributed to any loss or damage, including non-economic damages, complained of by Plaintiffs, if any there were; and that Defendant is not liable for said employers' proportionate share of non-economic damages.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendant alleges that at the time of the injuries alleged in the Complaint, parties other than this Defendant were negligent in and about the matters referred to in said Complaint, and that such negligence on the part of said parties proximately and concurrently contributed to any loss or damage, including non-economic damages, complained of by Plaintiffs, if any there were; and that Defendant herein shall not be liable for said parties' proportionate share of non-economic damages.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendant alleges that at all times relevant to matters alleged in the Complaint, Plaintiffs' employer, other than Defendant, was a sophisticated user of asbestos-containing products, Defendant knew Plaintiffs' employer was aware or should have been aware of the specific danger of the products at issue (if any), and Defendant reasonably relied on the Plaintiffs' employer to warn Plaintiff about the products, and that employer's negligence in providing the product to its employees in a negligent, careless and reckless manner is a superseding cause of Plaintiffs' injuries.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

If Plaintiffs received Workers' Compensation benefits from Defendant under the Labor Code of the State of California or any other applicable Workers' Compensation provision as a consequence of the alleged industrial injury referred to in the Complaint, and in the event that Defendant is held liable to Plaintiffs, any award against Defendant must be reduced in the amount of all such benefits received by Plaintiffs.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

If Plaintiffs received Workers' Compensation benefits from Defendant under the Labor Code of the State of California or any other applicable Workers' Compensation provision as a consequence of the alleged industrial injury referred to in the Complaint, and in the event Plaintiffs are awarded damages against Defendant, Defendant claims a credit against this award to the extent that Defendant is barred from enforcing its rights to reimbursement for Workers' Compensation benefits that Plaintiffs have received or may in the future receive.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

If Plaintiffs received Workers' Compensation benefits from Defendant under the Labor Code of the State of California or any other applicable Workers' Compensation provision as a consequence of the alleged industrial injury referred to in the Complaint, Defendant demands repayment of any such Workers' Compensation benefits in the event that Plaintiffs recover tort damages as a result of the industrial injury allegedly involved here.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Although Defendant denies the validity of Plaintiffs' claims, in the event those claims are held valid and not barred by the statute of limitations or otherwise, Defendant asserts that cross-demands for money have existed between Plaintiffs and Defendant and the demands are compensated, so far as they equal each other, pursuant to California Code of Civil Procedure Section 431.70.

1

## **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

2

At all times and places in the Complaint, neither Plaintiffs were in privity of

3

contract with Defendant and said lack of privity bars Plaintiffs' recovery herein

4

upon any theory of warranty.

5

## **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

6

Plaintiffs are barred from recovery in that all products produced by

7

Defendant were in conformity with the existing state-of-the-art, and as a result,

8

these products were not defective in any manner.

9

## **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

10

Defendant did not and does not have a substantial percentage of the market

11

for the asbestos-containing products which allegedly caused Plaintiffs' injuries.

12

Therefore, Defendant may not be held liable to Plaintiffs based on Defendant's

13

alleged percentage share of the applicable market.

14

## **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

15

Defendant denies any and all liability to the extent that Plaintiffs assert

16

Defendant's alleged liability as a successor, successor in business, successor in

17

product line or a portion thereof, assign, predecessor, predecessor in business,

18

predecessor in product line or a portion thereof, parent, alter ego, equitable trustee,

19

subsidiary, wholly or partially owned by, or the whole or partial owner of or

20

member in an entity researching, studying, manufacturing, fabricating, designing,

21

labeling, assembling, distributing, leasing, buying, offering for sale, selling,

22

inspecting, servicing, installing, contracting for installation, repairing, marketing,

23

warranting, rebranding, manufacturing for others, packaging and advertising a

24

certain substance, the generic name of which is asbestos or a product which

25

contains asbestos.

26

## **TWENTY-NINTH AFFIRMATIVE DEFENSE**

27

Defendant had no knowledge that any of the alleged activities of which

28

Plaintiffs complain, and which allegedly were conducted on premises where this

- 32 -

Defendant performed work, were unsafe or dangerous, and Defendant therefore did not have a duty to warn Plaintiffs regarding any such alleged dangers.

### THIRTIETH AFFIRMATIVE DEFENSE

Defendant alleges that it was under no legal duty to warn Plaintiffs of the hazards associated with the use of products containing asbestos, or, to the extent that Defendant owed such a duty, it discharged that duty because the purchasers of said products, Plaintiffs' employer/s, their union/s or certain third parties yet to be identified, were sufficiently sophisticated buyers and were in a better position to warn Plaintiffs of the risks associated with using products containing asbestos and, assuming a warning was required, Defendant knew the buyers were aware of or should have been aware of the specific danger (if any), and reasonably relied on the buyers to warn end users about the harm (if any), such that it was the failure of such persons or entities to give such a warning that was the proximate and superseding cause of Plaintiffs' damages, if any.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Defendant alleges that no conduct by or attributable to it was the cause in fact or the proximate cause of the damages, if any, suffered by Plaintiffs, nor a substantial factor in bringing about said damages.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Defendant alleges that its liability, if any, in this matter is extremely minor relative to the liability of various third parties and, therefore, the damages, if any, assessed against it should be proportionate to the degree, nature and extent of its fault.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs herein have failed to join indispensable parties and the Complaint is thereby defective, and Plaintiffs are thereby precluded from any recovery

Answer to Complaint for Personal Injury – Asbestos: Demand for Jury Trial – 2:18-cv-01575-FMO

1   whatsoever as prayed for herein.

2                    **THIRTY-FOURTH AFFIRMATIVE DEFENSE**

3          Defendant alleges that if Plaintiff's claims were already litigated and

4   resolved in any prior action, or if Plaintiff has filed a separate action seeking

5   damages for the same asbestos-related disease(s), Plaintiff's claims herein are

6   barred based on the primary right and res judicata doctrines which prohibit splitting

7   a single cause of action into successive suits, and/or seeking new recovery for

8   injuries for which the Plaintiff was previously compensated by alleged joint

9   tortfeasors.

10                  **THIRTY-FIFTH AFFIRMATIVE DEFENSE**

11         Pursuant to California Code of Civil Procedure sections 378 and 430.10(d), if

12  it is determined that multiple Plaintiffs have been listed on this Complaint, then this

13  defendant contends the Plaintiffs are misjoined.  Because joinder is defective and

14  improper, and defendants will be prejudiced by having to proceed against different

15  Plaintiffs with dissimilar cases, a single trial is unfair and a hardship, and separate

16  trials on each individual cause of action should be ordered.

17                  **THIRTY-SIXTH AFFIRMATIVE DEFENSE**

18         The matters alleged in this Complaint are encompassed within and barred by

19  a settlement and release agreement reached by the parties which operates as a

20  merger and bar against any further litigation on matters raised or potentially raised

21  in connection with the settlement and release.

22                  **THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

23         To the extent that Plaintiffs have previously filed a dismissal in court

24  dismissing all of their asserted claims, causes of action, and other theories of

25  liability against this defendant with prejudice, the matters alleged in this Complaint

26  are barred by retraxit.

27                  **THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

28         To the extent that Plaintiffs have reached an accord with defendant regarding

- 34 -

1  this litigation and this accord was then properly satisfied, the claims, causes of

2  action, theories of liability and matters alleged in this Complaint are barred by the

3  doctrine of accord and satisfaction.

4  **THIRTY-NINTH AFFIRMATIVE DEFENSE**

5  Plaintiffs are barred from recovery in this case under the Sophisticated User

6  doctrine as to any cause of action based in whole or in part upon a failure to warn,

7  in that the allegedly injured Plaintiff was a member of a trade, union, profession

8  and/or a smaller group within such trade, union or profession which generally knew

9  of the dangers of exposure to asbestos at the time of the facts alleged against

10  Defendant. *Johnson v. American Standard*, 43 Cal. 4th 56 (2008).

11  **FORTIETH AFFIRMATIVE DEFENSE**

12  Plaintiffs' action should be dismissed under California Code of Civil

13  Procedure, Section 410.30, because in the interest of substantial justice this action

14  should be heard in a forum outside this state.

15  **FORTY-FIRST AFFIRMATIVE DEFENSE**

16  To the extent that Plaintiffs alleged exposure to Defendant's products

17  occurred within the territory of a state, nation, or other jurisdiction other than

18  California, or to the extent that other grounds exist for the application of the law of

19  a jurisdiction other than California to Plaintiffs' claims against Defendant,

20  Defendant reserves the right to argue that Plaintiffs' claims against Defendant

21  should be governed by the laws of such other jurisdiction, including but not limited

22  to statutes(s) of limitations, statute(s) of repose, causation standards, exposure

23  standards, product identification standards, and limitations on the types and/or

24  amount of recoverable damages.

25  O-I reserves the right to amend its Answer and allege additional or different

26  affirmative defenses if investigation, discovery and further information should

27  warrant such amendment, and, further, to assert any applicable matters of law

28  during the pendency of this action.

1     WHEREFORE, Defendant prays:

2          (1)     That Plaintiffs take nothing by their Complaint;

3          (2)     That Judgment be entered in favor of Defendant;

4          (3)     For recovery of Defendant's costs of suit;

5          (4)     For appropriate credits and set-offs arising out of any payment of

6    Workers' Compensation benefits as alleged above; and

7          (5)     For such other and further relief as the Court deems just and proper.

8

9
     Dated:  March 5, 2018                    RILEY SAFER HOLMES & CANCILA LLP
10

11
                                             By: _/s/ Meghan R.  McMeel_____
12                                               Meghan R.  McMeel
                                                 Attorneys for Defendant
13                                               OWENS-ILLINOIS, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 36 -

Answer to Complaint for Personal Injury – Asbestos: Demand for Jury Trial – 2:18-cv-01575-FMO

1

## **DEMAND FOR JURY TRIAL**

2

      Defendant OWENS-ILLINOIS, INC. hereby demands a trial by jury on all

3

issues in this action and estimates that the length of trial will be six to eight weeks

4

in duration.

5

6

  Dated:  March 5, 2018

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RILEY SAFER HOLMES &
CANCILA LLP


By: */s/ Meghan R.  McMeel*
    Meghan R.  McMeel
    Attorneys for Defendant
    OWENS-ILLINOIS, INC.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### <u>CERTIFICATE OF SERVICE</u>

I, Meghan R.  McMeel, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 5, 2018.

Dated:  March 5, 2018                    RILEY SAFER HOLMES & CANCILA LLP


                                         By: */s/ Meghan R.  McMeel*
                                         Meghan R.  McMeel
                                         Attorneys for Defendant
                                         OWENS-ILLINOIS, INC.

Certificate of Service – 2:18-cv-01575-FMO-E